## MAGEE v. FISHER, ET AL.

1. The terms " indenture," " covenant," " demise," "and to farm let," though
usually found in deeds, are not technical.    The use of these terms, there-
fore, in the declaration, does not necessarily imply that the instrument in
which they were alleged to be, was sealed.    That is only effected by the
use of the terms " deed," or "writing obligatory."

2. A *profert in curia,* of a parol contract, is surplusage, and does not vitiate.

3. Where several persons become bound for the payment of rent, in contem-
plation of law, the lease is to all, where there is nothing in the body of the
instrument to negative that conclusion.

Error to the County Court of Mobile.

Debt, by the plaintiff in error.

The declaration describes "a certain indenture of lease," exe-
cuted by the plaintiff of one part, and the defendants of the other
part, of which profert is made, by which, "the plaintiff did lease
and to farm let, to the defendants, a certain messuage, &c., to
have and to hold for the term of one year, &c., yielding," &c.
" And the said defendant, did then, and there, covenant, promise,
and agree, to and with, the plaintiff, to pay him the said sum of
$550, at the said several times aforesaid."    It then avers an en-
try upon the land, in virtue of the lease, and assigns as a breach
the nonpayment of the stipulated rent.

The defendants craved oyer of the instrument sued on, which
is set out and demurred to.    The instrument as set out on oyer,

Magee v. Fisher, et al.

is an "indenture," between William Magee of the first part, and Samuel C. Fisher of the second part, for the lease of certain premises for one year, at a stipulated rent, and concludes thus : "In witness whereof, the parties to these presents, have hereunto set their hands, the day and date above written.

S. C. FISHER,

JOHN HURTEL,

. CHAS. A. HOPPIN."

The Court sustained the demurrer to the declaration, and rendered judgment for the defendants, which is now assigned as error.

J. HALL, for the plaintiff in error, contended, that the instrument was set out according to its legal effect, and being for a sum certain, debt was the proper action. That if not a "deed," the fact that profert was made, cannot prejudice. He cited 1 Chitty P. 107; 1 Stewart, 479.

STEWART, contra. The terms, "indenture, lease, covenant," have legal and technical definitions, and must be understood in their appropriate sense. The pleader cannot declare in such a manner that he can consider the instrument as sealed, or not, as may best suit his purposes.

There is also a variance between the instrument, and the declaration. The latter declares the lease was made to all the defendants, whilst the former shows, it was made to but one.

ORMOND, J.—The objection in this case, is purely technical; nevertheless if well founded, we have no authority to disregard it. It having been found in practice, frequently difficult to determine, whether an instrument was to be considered as sealed, or not, the Legislature passed the following declaratory act : "All covenants, conveyances, and all contracts, which import on their face to be under seal, shall be taken and held to be sealed instruments, and shall have the same effect as if the seal of the party or parties were affixed thereto, whether there be a scroll to the name of such parties, or not." [Clay's Dig. 158, § 41.] The evident meaning of this is, that where the parties declare their intention that the instrument shall be sealed, it shall so operate, whether it be in fact sealed, or not. Upon an inspection of the

instrument in this case, it appears, that although in the body of the paper they have used terms of doubtful import, they have not expressed their intention to make it a sealed instrument, and therefore it cannot operate as such. The terms " indenture" and " covenant," though usually found in deeds, have not a technical meaning. An instrument may be *indented*, whether under seal or not, and the practice has in fact become obsolete. A covenant is a contract, and is a writing obligatory, or parol promise, according as it is sealed, or not. The same remarks apply to the terms " demise," and "to farm let." They are generally found in leases, but may be expressed by other terms, and are therefore not technical. Nor does it add any thing to the obligation of a contract of lease, that it is under seal. The use of these terms, therefore, in the declaration, does not necessarily imply, that the instrument in which they were alledged to be, was sealed ; that is only effected by the use of the terms " deed," or " writing obligatory ;" and even when these technical terms are used, it is customary to add, in conformity with the precedents, " sealed with his seal." No such allegation being found in this declaration, the legal effect ascribed to the instrument, by the pleader, is, that it was a parol contract, and such in fact it was.

Making *profert in curia* of the instrument, was merely surplusage, which does not vitiate.

The legal effect of the instrument is not changed by the fact, that it commences in the singular number, and is signed by other parties, whose names are not found in the body of the instrument. In contemplation of law, the lease is to all, who by their contract have become bound for the payment of the rent, there being nothing in the body of the instrument to negative that conclusion. Let the judgment be reversed and the cause remanded.