HON. PIERPOINT ........  ASSISTANT JUDGES.
HON. MILO ........

---

......AN STONE *v.* DAVID KNAPP.

*........ss. Abuse of license and of an authority in law.*

..... use of an authority in law which will render a person liable as trespasser *ab initio* must be by something more than a mere non-feasance. It must be by some positive wrong of such a character as to evince that the commission of it was originally intended instead of a *bona fide* exercise of the authority; RED-FIELD, CH. J.

A person who has a license in fact to pass and repass over the premises of another and abuses it by leaving a barway open, whereby the cattle of others enter and

do damage, is not liable therefor in an action of trespass, but only in case for a breach of the contract or duty to keep the barway closed.

TRESPASS *quare clausum fregit.* Plea, the general issue and license. Trial by jury, June Term, 1855,— POLAND, J., presiding.

The plaintiff's evidence tended to prove that in the fall of 1851 the defendant purchased a piece of land near the east village in St. Johnsbury, and erected a house and a coal kiln thereon ; that said land did not lie upon the highway, and that to reach it the defendant had to cross a field of the plaintiff's, about thirty rods in width ; that the defendant, soon after he erected his house and kiln, went on to the plaintiff's land, and made a sufficient road to enable him to pass to and from the highway with a team, and ever since had continued to travel across the plaintiff's fields and over said road, which was not fenced upon either side, and which entered the highway from the plaintiff's field through a barway.

The defendant then introduced evidence tending to prove that at the time he built his house the plaintiff gave him a license to pass and repass over his said field and through said bars until he could get a public road laid out to his place from the highway.

The plaintiff then introduc⸳⸳⸳ ⸳⸳⸳ce tending to prove that the defendant did not keep up ⸳ ⸳ ⸳ ⸳⸳⸳ ⸳⸳⸳ ⸳ would leave said bars open during the day, and ⸳⸳ ⸳ ⸳ ⸳ ⸳ ⸳ by reason of such acts horses and cattle that w⸳⸳ ⸳ ⸳ ⸳ ⸳⸳⸳ed into the plaintiff's field through the said ba⸳⸳⸳ ⸳ ⸳⸳ ⸳ ⸳⸳ ⸳ destroyed the plaintiff's crops in said field.

The defendant's counsel claimed that if th⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ defendant had license to pass over the plaintiⸯ ⸳ ⸳ ⸳ ⸳ ⸳ said barway, that if he did leave the bars down, and u⸳ ⸳ ⸳ cattle and horses came into the plaintiff's field and damag⸳ crops, that the plaintiff could not recover therefor in this a⸳ ⸳. But the court ruled otherwise, and instructed the jury that th⸳ plaintiff would be entitled to recover in this action for the da ⸳ ⸳ ages so occasioned. Verdict for the plaintiff. Exceptions by t⸳ defendant.

*J. D. Stoddard*, for the defendant.

*O. T. Brown*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The evidence in this case showed that the plaintiff gave the defendant license to pass and repass on his field and through the bars until he could obtain a public highway.

This being an action of trespass, the answer to this license, which, unanswered, is a bar to the action, was, that the defendant did not keep up the bars, that he left them open during the day, and also the night, and that by reason thereof damage was done by cattle running in the highway.

The only question to be determined is whether the omission to keep up the bars will deprive the party of the benefit of the license. There is nothing in the case to show that the license was given upon any express condition to be void if the bars were not properly kept up. The question must be determined upon general principles.

The law upon this subject is fully illustrated in all its bearings in the Six Carpenters' Case, 8 Coke 146 a; S. C. 1 Smith's Lead. Cases 62, and English and American notes.

The abuse of an authority in law will render the party a trespasser *ab initio*. But this abuse must be something beyond mere *non feasance*. It must be a positive and active wrong, and of such a character as to fairly justify the implication that the original entry was for the purpose of committing the wrong, and not *bona fide* made under the authority which the law gave, and for the purpose for which the law gave it; *Stoughton* v. *Mott*, 25 Vt. 668.

If this had been an authority in law merely, as the right of one to enter to distrain or attach property, it would be going further than any of the cases have yet gone, and quite beyond the true principle of the later decisions upon this subject, to hold that such an omission as the one complained of in this case will render the officer a trespasser *ab initio*. It would be strange to conclude that because an officer in making an attachment of personal property upon premises left the bars open, that he entered for that

purpose, and not with the *bona fide* purpose of executing the process.

But this is not a license in law. It is a license in fact, the permission of the party. And in such cases the law is settled beyond all question, that no abuse of the license will render the party a trespasser *ab initio*. He may be liable for the wrong, but if he had permission to enter, and kept within the range of his license, no abuse of the license will revoke it, or deprive the party of its protection.

The party, by the abuse of the license in fact, does not become a trespasser, but may be liable for the wrong in an action upon the case.

Judgment reversed and case remanded.