# REPORTS

OF

## CASES ARGUED AND DETERMINED

### At June Term, 1859.

————•••⊕••••————

## BREWER vs. THORP.

[ACTION FOR RECOVERY OF RENT.]

1. *Implied renewal of lease.*—If a tenant holds over after the expiration of the lease, the law implies that he still holds under the terms of his original lease ; but this principle does not authorize an implied renewal of the liability of the tenant's surety, who signed the lease with his principal, although the lease reserved to the tenant the privilege of retaining the premises as long as he wished.

APPEAL from the Circuit Court of Mobile. ·

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Edward R. Thorp, against Mrs. Hannah Sughi, to recover the sum of $150, alleged to be due from the defendant for the rent of a house in the city of Mobile, from the 1st November, 1857, to the 1st February, 1858; and the name of Charles Brewer was afterwards added as a defendant. The defendants pleaded, in short by consent, " 1st, the general issue ; 2d, payment ; 3d, set-off; and, 4th, tender of the balance due." It appeared from the evidence adduced on the trial, as the same is set out in the bill of exceptions, that Mrs. Sughi went into the possession of the premises, in

1855, under a lease from the plaintiff, of which the following is a copy:

"This indenture, made this 28th July, 1855, between Edward R. Thorp, of the city of Mobile and State of Alabama, of the first part, and Mrs. H. Sughi, of the second part, witnesseth," &c. (The material stipulations of the lease are, that the premises are leased to Mrs. Sughi, for the term of one year from the 1st November, 1855, at an annual rent of $600, payable quarterly; that the house "is to be furnished with gas, and painted all over, to the satisfaction of Mrs. Sughi, and she has the privilege to retain the same house, at the same rent yearly, for as many years as she may wish.") "In witness whereof, the parties to these presents have hereunto set their hands, and affixed their seals, the day and date above written."

. (Signed.)   E. R. THORPE, [SEAL.]

H. SUGHI, [SEAL.]

C. BREWER, [SEAL.]

It appeared that the defendant Brewer was the brother-in-law of Mrs. Sughi, and signed the lease at her request; that Mrs. Sughi continued in the occupation of the premises from the 1st November, 1855, until the 23d March, 1858; and that no new contract was made between her and the plaintiff after the expiration of the first year of her tenancy. The defendants requested the following charges to the jury:

"1. That the jury cannot, in the absence of any other proof of Brewer's liability than the written lease, find a verdict against him.

"2. That Brewer's liability on the lease terminated on the 1st November, 1856; and if there is no other evidence of his liability, they must find a verdict in his favor.

"3. That Brewer was a mere surety on the lease ending in November, 1856; and his liability thereon then terminated, if the rent for that year was paid in full."

The refusal of these several charges is assigned as error.

F. S. BLOUNT, for appellant.

OVERALL & MOULTON, contra.

A. J. WALKER, C. J.—A written instrument was entered into, in July, 1855, which purports to be a bipartite indenture, between the plaintiff (Thorp) and one of the defendants (Sughi.) By this indenture, Thorp leases to Sughi the premises described, for one year from the first of November, 1855, and stipulates to paint the house and supply it with gas, and that Sughi should have the privilege of retaining the premises, at the same rent, for as many years as she might wish. Sughi, on her part, stipulates to pay $600 rent, in quarterly installments of $150. The indenture is subscribed by Thorp, Sughi, and C. Brewer. Sughi occupied the premises from November, 1855, to the 23d March, 1858—a period of two years and nearly five months. The plaintiff seeks to recover the rent due for the occupation of the premises after the expiration of the second year. The most material question of the case is, whether Brewer is responsible for the rent sought to be recovered in this action, and which accrued after the first of November, 1857.

From the face of the writing itself, it would be difficult to tell what obligation Brewer took on himself by subscribing it. The inference would, perhaps, be clear, that Brewer stood in the attitude of a surety for the payment of the rent, if there were, as in the case of Magee v. Fisher, 8 Ala. 320, no stipulations to be performed. But the instrument here contains a stipulation by the lessor to paint the house and supply gas, and allow the privilege of indefinite renewals of the lease, as well as a stipulation by the lessee for the payment of the rent; and hence there is room for doubt, as to whether Brewer stands as surety for the lessor or the lessee, or whether the instrument is void as to him for uncertainty. But we shall not undertake to solve the doubt as to the construction of the instrument. We concede, for the purposes of this opinion, that Brewer was bound with the lessee. If bound by the instrument, with the lessee, to the lessor, it could only be as a surety; for the instrument shows that Sughi was the lessee, and excludes the idea that Brewer was a joint lessee with her.

When Sughi held over the second, and a part of the

third year, without any new agreement, the law implied that the holding was upon the terms of the original lease.—Crommelin v. Thiess, 31 Ala. 412; Ames v. Schuesler & Donnell, 14 Ala. 602; Harkness·v. Pope, 10 Ala. 493; Smith's Land. & Ten. 219, 220, 221, note 6; Taylor on Land. & Ten. § 57. This principle rests upon the presumption from the holding over of the lessee, that the parties agree that the tenancy shall be upon the terms of the original lease. But the doctrine does not go to the extent of maintaining, that the surety for the payment of the rent upon the original lease remains bound for the rent for every subsequent year of the lessee's occupancy, without a new obligation on his part. It is not an unreasonable presumption, that a tenant, who holds over, means to pay the same rent which he contracted to pay under the expired lease; but it would be most unreasonable, to presume from the tenant's holding over that the surety intended to bind himself for the rent of a time beyond his contract. Such presumption would involve the absurdity of implying a contract by one man from the conduct of another.

All the rulings of the court, favoring the proposition that Brewer was liable for the money sought to be recovered in this case, were erroneous.

Judgment reversed, and cause remanded.