## William N. Delashman v. Ezra Berry, Administrator of George A. Kellogg.

*Record : Finding by the. Circuit Judge.* When a special finding by the Circuit Judge appears in the record, it will be presumed, in the absence of any showing to the contrary, that it was made upon request; but the finding, it seems, would be good if made without any special request, and will have the same effect as if requested.

*Lease at lessee's option : Election.* A party in possession of premises under a lease granted "for the term of one year, with the privilege of having the same three years at the same rate " at his option,—the lease containing a covenant that he would " at the end of said term deliver up quiet possession of the premises," and who continues in possession after the end of the first year, elects, by such continuance, to hold the premises for the full term of three years.

*Heard April 23. Decided April 26.*

Error to Branch Circuit.

On the 29th day of May 1866, George A. Kellogg, the intestate of the defendant in error, commenced proceedings before the Circuit Court Commissioner of the county of Branch to obtain possession of premises, which on the 24th day of May, 1865, he had leased to William N. Delashman " for the term of one year, with the privilege of having the same three years at the same rent, and at the option of the lessee, for the annual rent of four hundred dollars; payable quarter-yearly." The lease contained the further provisions that: " The said lessee hereby agrees to pay the said rent as above specified; that he will not underlet the same without the consent of the lessor, and at the end of said term to deliver up quiet and peaceable possession of said premises with the appurtenances in as good order and condition as when received, natural wear, tear, damage by the elements excepted."

The Commissioner rendered a judgment in favor of the complainant and ordered the restitution of the premises. The defendant appealed to the Circuit Court.

The record shows a special finding of facts by the Circuit Judge, setting forth the lease, and stating also: " That the said lease and the possession of the premises therein described were delivered to the defendant, the lessee, on

said 24th day of May, 1865, and he continued to use and occupy them until the 29th day of May, 1866, when this suit was commenced before a Circuit Court Commissioner for the purpose of recovering the said leased premises: That previous to the commencement of this suit the lessee, Delashman, had not notified the lessor of his intention or election to continue the said lease or occupation of the premises for any period of time beyond the one year mentioned in the lease."

On these facts the Circuit Judge found "as a conclusion of law that the defendant was not and is not entitled to hold the premises under said lease for only one year. And that at the time of the commencement of this suit, the defendant was guilty of unlawfully holding over the said premises, after the time for which they were let to him, and that the complainant was and is entitled to the possession thereof."

The judgment entered on the finding, the defendant below brings into this Court by writ of error.

*Shipman & Loveridge,* for plaintiff in error.

The lease fixes the terms for the three years as well as the one; nothing more was left to be done by the lessor. It was left to the lessee to terminate the lease at the end of the year or not, as he saw fit. Continuing in possession after the one year, was an election by Delashman to hold for the long term. After entering upon the new term it became a lease for the time so entered upon.

*Kelso v. Kelly, 1 Daly 419 ; Chretion v. Doney, 1 Comstk. 419 ; House v. Burr, 24 Barb., 526 ; Goodright v. Richardson, 3 T. R. 462 ; Ferguson v. Cornish, 3 T. R. 463 (n); Dann v. Spurrier, 3 Bos. & Pul., 399 and 442 ; Webb v. Dixon, 9 East, 15 ; Taylor's Landlord and Tenant, 819 ; Brewer v. Thorp, 35 Ala., 9 ; Kramer v. Cook, 7 Gray, 550.*

We have been unable to find a case requiring the lessee to give any notice of his intention to *continue* such a lease,

other than his occupancy under it, although questions have arisen as to his right to *terminate* the lease without such notice. (See *Bac. Abr. Leases "L"* *3, 625–6 and n*). But however this may be, no case holds that such a lease can be terminated by the *lessor*, as was attempted in this case. In *Goodrich v. Richardson* the lease was for "3, 6 or 9 years" without locating the option. The Court held that both parties had it, and the lessor might end the lease—*on reasonable notice, however*. But this construction was denied in *Dann v. Spurrier* and *Webb v. Dixon*, the Court here holding that the lessee only had the option, under the rule that deeds are to be construed in favor of grantees. But in the case at bar the option is expressly reserved to the lessee; the lessor had nothing to do with it. And when he found the lessee in possession after the expiration of the year, he knew by that fact that he had chosen between going and staying.

*Newberry, Pond & Brown*, for defendant in error.

I. The finding of facts in this case is no part of the record. § 3436 of the Compiled Laws requiring a decision in writing of all questions of fact tried by the Court is limited by the act of 1863, p. 183, to decisions given in vacation. § 3437, requiring a specification of facts found by the Court, upon the request of either party, is limited by Circuit Court Rule 87, to cases in which a request in writing is made before judgment. Neither the record in this case, nor the finding itself, shows that any request at all was made for a finding of the facts. As no bill of exceptions was settled under Sec. 3438, and no written request filed, the finding is purely voluntary, and forms no part of the record in this case.

II. Delashman having given no notice of his election to renew the lease, defendant was entitled to commence proceedings against him under § 4985.

The power to claim a renewal was expressly conditioned upon his giving notice of his election to do so. Holding over for five days was certainly no evidence of an election to remain for three years. As to the necessity of notice, see *Taylor's Land. and Ten.*, § *332, 339 ; Walker v. Engler, 30 Mo., 130 ; Besse v. Gallegger, 7 Wis. 442 ; Hall v. Delaplaine, 5 Wis., 206 ; Wall v. Hinds, 4 Gray, 256 ; Tracy v. Albany Exchange Co., 3 Selden, 472 ; Eaton v. Lyon, 3 Ves. 690. 1 Ball & B. 285. 1 Ves. Jr. 475 ; Rawstorm v. Bentley, 4 Bro. C. C. 415 ; Maxwell v. Ward, 11 Price, 16 ; Hyde v. Skinner, 2 P.Wms., 196. 40 Barb.94.*

III. The unexplained holding over for five days, is no evidence either of an election by the lessee to continue for three years, or of assent by the lessor to his doing so. If it be so, their rights are mutual. But will it be claimed that if the lessee had quit the premises at the expiration of the five days the lessor could recover the rent for the three years ? As to the effect of holding over, see opinions in *Allen v. Carpenter, 15 Mich., 25.*

CHRISTIANCY, J.

A preliminary objection was made by the counsel for defendant in error, that the special finding of facts by the Circuit Judge constitutes no part of the record; and in support of this objection we are referred to sections *3436 and 3437 Comp. Laws*, and the act of 1863. *Session laws, p. 183.*

It is true, by these statutes the Circuit Judge is not *compelled* to specify the facts found and his conclusions of law thereon, unless requested by one of the parties.

But in all cases where the cause is tried before the Court without a jury, the decision of the Court is required to be in writing, and filed with the clerk. If he makes this decision without specifying the facts found, his decision upon such facts involves a general finding in the nature of a

general verdict. A special finding of facts under this statute comes in the place of a special verdict and serves all its purposes. And we are inclined to think it not only competent but highly proper and much fairer to the parties, for the Court in any case, when time and opportunity will permit, in making the written decision required by section 3436 to specify the facts found and his conclusions of law thereon; and that when he does so, it will have the same effect as if he had been specially requested so to do under section 3437.

The only reason for not peremptorily requiring the special finding in all cases, would seem to have been to save the judge the labor of making it special, unless requested by one of the parties.

But if this were not so and the request was necessary to authorize the special finding, his decision made and filed in the cause and containing this special finding, must, we think, in the absence of any showing to the contrary, require us to presume the request. See *Sallee v. Ireland, 9 Mich. 154.*

The finding of facts must therefore be taken as a part of the record.

Was the lessee, then, in order to avail himself of the privilege of a longer term than one year under this lease, bound to notify the lessor of such intention, at the expiration of the first year, or before suit brought by the lessor to oust him, for continuing contrary to the conditions or covenants of his lease?

This is the only question raised by the plaintiff in error.

The lease was "for the term of one year, with the privilege of having the same three years at the same rent, at the option of the lessee." And the lessee, among other things, covenanted "at the end of said term, to deliver up quiet and peaceable possession of said premises." He had, when the suit was instituted to oust him, continued in possession five days after the expiration of one year, with-

DELASHMAN *v.* BERRY.

out otherwise giving notice of his intention to avail himself of the option for the longer term provided by the lease.

The Circuit Court held in effect, that this continuance in possession, after the expiration of the first year, was not an exercise of the option thus to continue for the longer term; and that, to give him the right to continue for the optional term, he was bound to give actual notice of such intention at the end of the first year, or, at least, before the suit to eject him was commenced. Such a notice had it been given would have been a notice only of the lessee's intention to *continue* the *same* occupation, upon the *same terms* as before. And upon principle it would certainly seem that the *actual continuance* of such occupation was the best and most conclusive evidence of *his intention* to continue. And, as it was at his option to have the term expire at one year or three years, and he had covenanted to deliver up possession at the end of the term; but one inference could legally and properly be drawn from such continuance, after the year, viz: that he intended to continue *rightfully* according to the terms of his lease, rather than *wrongfully* in defiance of its provisions. If he elected to remain at all after the first year, he must be held to have elected under, and according to, the terms of the lease which gave him no right to elect a term of five days, a month or any other period, except the optional term provided by the lease, which in this case could not have been less than one year, if in fact, less than two years, after the expiration of the first.

We think such should be the result upon principle; and, though we are aware of no case precisely in point in all its circumstances, we think the same principle is involved, or taken for granted, in several of the cases cited by the counsel for the plaintiff in error. See especially *Ferguson v. Cornish, 3 T. R. 463, (n) ; Dann v. Spurrier, 3 Bos. & Pul. 399, 442 ; Webb v. Dixon 9 East, 15 ; Brewer v. Thorp, 35 Ala. 9 ; Kelso v. Kelly, 1 Daly, 419 ; Kramer v. Cook, 7 Gray, 550.*

This is not like the case of taking the advantage of a forfeiture of a lease or other contract. In such cases a change of the existing state of things, or of the relations of the parties is contemplated by the exercise of the option, and not a mere *continuance* of the *same* state of things or the *same relations*; and to effect this change a notice is very properly held to be necessary.

Nor is the option for a longer term under this lease, like a covenant for the renewal of a lease at the option of the lessee. Such renewal contemplates the execution of some further instrument by the lessor, and generally by both lessor and lessee, instead of a mere continuance of the one already in existence (as in the present case); and for this purpose a notice by the lessee might be required.

Whether such continuance in possession after the expiration of the year would, in all cases, be conclusive upon the lessee of his election for the full optional term, or whether it might be excused or explained by circumstances, or by notice from him to the lessor at, or prior to the expiration of the year, of his intention to remove soon after that time, and not to claim the optional term, are questions not involved in the present case and upon which we express no opinion.

The judgment of the Circuit Court must be reversed, and a judgment must be rendered in this Court for the defendant below, with costs of both Courts.

The other Justices concurred.