# Snedecor *v.* Pope.

## *Action for Damages for Trespass to Realty.*

1   *Trespass; pleading; motion to strike counts; refusal of, not reversible error.*—This Court will not reverse a judgment, on account of refusal of lower court to strike certain parts of the complaint, as the matter may be remedied by objection to testimony, and by requesting proper charges.

2.   *Same; same; what sufficient description of premises.*—A description, from which any person of ordinary intelligence could readily know the property referred to, is sufficient.

3   *Same; same; time of commission.*—In a complaint, in an action of trespass, a count, which fails to allege the time when the trespass was committed, is bad on demurrer.

[Snedecor v. Pope.]

4. *Same; same; sufficiency of plea.*—In an action of trespass, a plea, which does not deny the *gravamen* of the charge, is bad on demurrer.

5. *Same; when licensee becomes trespasser.*—When authority or license is given to anyone to enter the premises of another, for a particular purpose, such licensee becomes a trespasser, from the time he goes beyond the purpose for which he was permitted to enter.

6. *Same; pleading; when plea to entire complaint bad.*—In an action of trespass, where the entry by the defendant is an element of some of the counts of the complaint, and not of others, a plea, which proposes to answer the whole complaint, that the defendant entered upon the premises with the consent and license of the plaintiff, is bad on demurrer.

7 *Same; same; replication, when good.*—In an action of trespass, where the defendant pleads that he was the owner of the premises trespassed upon, a replication is good, which sets up that the plaintiff was, at the time of the trespass, in posession of the premises under a lease that had not expired, and it is not necessary for the entire lease to be set out in the replication.

8. *Same; objection to evidence.*—Where the record does not show what the purpose was in propounding a question, to which the court sustained an objection, nor how it was relevant, nor the grounds of objection, the presumption is that the action of the lower court was correct.

9. *Same; irrelevant evidence, admission of; when not ground for reversal.*—The admission of irrelevant evidence is not of itself a sufficient ground for reversal, when it clearly appears that it could not have had any influence on the case, one way or another.

10. *Same; continuing trespass; election.*—In an action of trespass, where the plaintiff, in her complaint, claimed only for a trespass committed on a certain day, without a *continuando*, she is confined to a recovery for a trespass committed on some one day, and may be required to elect some day in which the acts of trespass are to be proven.

11. *Same; rights of landlord; charge of court to jury.*—In such case, the fact that the measure of damages may be different does not change the principle, that the landlord has no more right to invade the home of the tenant, than an outsider would have; and a charge of the court, asserting this proposition, is correct.

12. *Same; charge of court to jury.*—In such a case, there being no evidence before the jury in regard to any damages, except those sustained by plaintiff, a charge of the court to the jury, that,

[Snedecor v. Pope.]

"If the defendant had trespassed upon plaintiff's premises, he must respond in damages for all the consequences of his act," refers to the consequences to the plaintiff, and, if the defendant thought that the jury might misunderstand it, he could have asked for a qualifying charge.

13. *Same; same; consent of plaintiff, burden of proof as to.*—A person is not presumed to consent to trespasses, and an allegation in the complaint, that the trespass was committed without the consent of plaintiff, does not shift the burden of proof, as to consent, from defendant to plaintiff.

14. *Same; necessary allegation.*—In an action of trespass, the allegations of the complaint must describe the acts of violence, so that issue may be taken thereon.

15. *Same; punitive damages; when recoverable.*—Punitive damages are recoverable only when the wrongful act was done wantonly, or maliciously, or with circumstances of aggravation.

16. *Same; trespass by landlord, after expiration of lease.*—An entry by the landlord, after the expiration of the lease, is not a trespass, but he may render himself liable as a trespasser, by acts of violence after entry.

17. *Same; damages recoverable.*—In an action of trespass, the only damages recoverable are the damages to the particular estate owned by the occupant.

18. *Same; same.*—Where damages are claimed for injury to personal property, the value of the property, and the extent of the injury, must be proved.

19. *Same; demise, meaning of.*—The word *demise* does not necessarily import a lease under a sealed instument.

20. *Same; charge to jury.*—A charge to the jury, that "They must weigh the evidence fairly and impartially," is not a matter of right, as they will be presumed to do their duty in that respect.

APPEAL from City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

Action by appellee against appellant for damages for trespass to realty, resulting in personal injury.

The complaint consisted of five counts, all of which were amended, in respects that need not be noticed, before the trial was entered upon. The 1st count, as amended, was the same as Code, § 3352, form 26, except that the property, upon which the trespass was alleged to have been committed, was described as "312 South 19th Street, in the city of Birmingham, Ala.", and it was further alleged that plaintiff was the head of a family

and was occupying the premises, with her family, as a residence, at the time of the trespass. Defendant demurred to this count, on the ground that the land, upon which the trespass was alleged to have been committed, was not described with sufficient certainty. The demurrer was overruled. The 2nd count, as amended, was as follows: "Plaintiff claims of the defendant the sum of $5,000 damages in this, that on to-wit, the 28th day of February 1902, the plaintiff was in possession of the following premises, known as 312 South 19th Street in the city of Birmingham, Ala.; that plaintiff was the head of a family and with her family was occupying said premises as a residence, and plaintiff avers that the defendant broke into and entered the dwelling house in the possession of the plaintiff and situated on the premises aforesaid and did the following trespass, to-wit: tore out the chimney of said house; tore up the roof and floor, severed the house in two parts; tore out one side of the dining room and rendered said premises uninhabitable." Defendant demurred to this count, among other grounds, because the premises trespassed upon were not described with sufficient certainty, and that the time of the trespass was not shown with sufficient certainty. The demurrer was overruled. The 3rd count, as amended, was practically the same as the 2nd count, except that it contained the averment that the trespass was committed while plaintiff "Was so in possession," and avers that the trespass was committed unlawfully and against plaintiff's consent. Defendant demurred to this count, on the ground that the premises trespassed upon were not described with sufficient certainty. The demurrer was overruled. The 4th count was practically the same as the 2nd, except that it was averred that the trespass was committed "Upon her residence situated at 312 South 19th Street in the city of Birmingham, Ala.", on Feb. 28, 1902. It was not averred that the premises were in plaintiff's possession, nor that she was the owner of same at the time of the trespass. Defendant demurred to this count, on grounds that need not be noticed, and the court overruled the demurrer. The 5th count adopted all of the 1st count and added thereto matters

in aggravation of damages. The defendant demurred
to this count and the court overruled the demurrer.
Each count of the complaint alleged in substance that
the premises were occupied by plaintiff and her family,
and that plaintiff was the head of a family at the time
thereof, and, in aggravation of damages, averred that
plaintiff and her family suffered great physical pain and
mental anguish and were made sore and sick, or that
plaintiff and her family were exposed to the inclement
weather and were made sore and sick, or that plaintiff
and her little sister were caused to suffer greatly, as
variously expressed in the different counts of the com-
plaint. Plaintiff moved to strike out the reference to
plaintiff's family, and to the sufferings of her family
and her children, on the ground that same were sur-
plusage, that the sufferings of plaintiff's children con-
stituted no proper element of damage, and that plain-
tiff could not recover for injuries suffered by, or wrongs
done to, her children. The court overruled the motion.

The defendant filed five special pleas, besides the gen-
eral issue. The 2nd was "That defendant entered upon
the premises described in the complaint by and with the
consent and license of the plaintiff." Plaintiff demurred
to this plea, on the grounds that the plea did not deny
the allegations of the complaint, nor confess and avoid
them, and that it did not show that defendant had con-
sent and license of plaintiff to commit the trespass.
This demurrer was overruled. The other pleas were as
follows: (3.) "That defendant was the owner of the
premises upon which said trespass is alleged to have
been committed." (4.) "That the premises upon which
said trespass is alleged to have been committed was the
freehold of the defendant at the time thereof." (5.)
"That the acts complained of were done by plaintiff's
leave." (6.) "That defendant's entry upon said prem-
ises was in a peaceful manner and without force and
that same was defendant's freehold." Plaintiff joined is-
sue on defendant's 3rd, 4th and 6th pleas, and replied
specially to the 3rd, 4th and 6th pleas, that, at the time
of the trespass, plaintiff was in possession under a lease
beginning February 11, 1902, and ending March 11, 1902.
Defendant demurred to this special replication, on the

ground that same tendered an immaterial issue, and that the lease, under which plaintiff claimed to be in possession, was not sufficiently described. The court overruled the demurrer. By replication 4, plaintiff, answering the 3rd plea, alleged that at the time of the trespass plaintiff was in possession of the premises "Under a demise from the defendant for a term which had not then expired." Defendant demurred to this replication, on the ground that the lease, under which plaintiff was in possession, was not sufficiently described. This demurrer was overruled. Defendant joined issue on plaintiff's replications, and rejoined specially that the acts complained of were done by plaintiff's leave.

On the trial, the evidence for the plaintiff tended to show that, for more than a year prior to February, 1902, plaintiff had occupied a building, No. 312 South 19th Street, Birmingham, Ala., as a residence for herself and her four children, as a tenant of one Taylor; that plaintiff was renting the house for a monthly rental of $12.50; that she did not have the house rented for any certain length of time, it being the agreement with her landlord Taylor that she could leave the house at any time, and that he could take possession of the house at any time; that, on Feb. 12th, 1902, Taylor notified her that he had sold the premises to defendant; that she paid her rent to Taylor up to Feb 11th; that, on Feb. 27th, defendant notified plaintiff that he had bought the property and intended to make improvements on the premises, nothing being said as to what plaintiff would do while the improvements were being made; that, on Feb. 28th, defendant's workman came on the premises and made preparations to move the house; on March 1st, the workmen returned and took down one of the chimneys; that, on March 3rd, the workmen returned and moved the two front rooms of the house; that the weather was bad during the time the house was being moved; that plaintiff was the head of her family and objected to the house being moved; that plaintiff had four small children, and that she and her children suffered inconvenience and discomfort, by reason of the changes in the house; that plaintiff left the premises March 14th.

[Snedecor v. Pope.]

The evidence for the defendant tended to show that, before beginning to make the alterations in the house, he had obtained plaintiff's consent to make same, and had agreed to reduce her rent on account of the inconvenience to which she would be subjected; that plaintiff did not object at any time, and was inconvenienced very little on account of the alterations, was not made sick, and suffered no pain, neither she nor her family, on that account; that the trade for the premises between defendant and Taylor was made Feb. 7th, 1902, and, on the same day, defendant gave plaintiff notice to vacate within 30 days from that date, as he wished to make improvements; that, upon the delivery of the notice to the defendant, she said she would not require notice, but would vacate in a day or two; and that subsequently, before beginning to make the alterations, defendant made the agreement with plaintiff, giving her permission to stay on the premises while same were being made; and that the lease held by plaintiff was a verbal one.

On the examination of one Pearl, a witness for plaintiff, she testified regarding her relations with plaintiff, and that she had frequently visited her, and was asked the following question by defendant: "How do you happen to know where plaintiff lives"; to which question the plaintiff objected, the court sustained the objection, and defendant excepted. One Lucy Harris, a witness for plaintiff, stated on cross-examination that plaintiff had dinner with her on the day the house was moved. Being examined as a witness in her own behalf, plaintiff was asked the following question by her attorney: "Did you have any dinner the day they began work on the house;" to which question the defendant objected, the court overruled the objection, and defendant excepted, and the witness answered, "I had no dinner on the day they began to move the house." Defendant being examined as a witness, was asked, "What did your workman, Henderson, tell you about getting plaintiff's consent in writing to make the alterations in the premises;" to which question the plaintiff objected, the court sustained the objection and the defendant excepted. One Henderson, a witness for defendant, was asked, "Whether or not the city police headquarters were near these prem-

ises;" to which question plaintiff objected, the court sustained the objection, and defendant excepted. Defendant, having testified that negotiations, with Taylor, the prior owner, for the purchase of the property, had been pending for several months before the trade was closed, said Taylor was examined by plaintiff and asked, "How long did negotiations pend before the trade for the premises was closed;" to which question the defendant objected, the court overruled the objection, and defendant excepted, and the witness answered that negotiations had been pending for two or three weeks.

In the course of the trial, it appeared that jacks were put under the house on February 28th, 1902, but that the house was not disturbed until March 1st, and, from that time until March 14th, the alleged acts of trespass continued. Defendant objected to all evidence of trespasses committed on any day other than Feb. 28th, the date alleged in the complaint; the court overruled the objection, and defendant excepted. Upon the conclusion of the evidence, the defendant moved the court to require the plaintiff to elect which of the several trespasses, shown by the evidence, she would rely on for a recovery. The court overruled the motion, and defendant excepted.

Upon the introduction of all the evidence, the court, in its oral charge to the jury, charged them, among other things, as follows: "A landlord has no more right against the consent of the tenant to make alterations in rented premises than an outsider." "If defendant had trespassed on plaintiff's premises he must respond in damages for all the consequences of his act." "The burden of proof is on defendant to show that plaintiff consented to the making of the alterations in the house." "The law imposes punitive damages as a punishment." To which several portions of the oral charge of the court, the defendant excepted.

The court, at the request of the plaintiff, gave the following written charges to the jury, to the giving of which the defendant excepted: (1.) "The court charges the jury that if they believe the evidence in this case they will find that the plaintiff was in the rightful pos-

session of the premises, number 312 South 19th Street, in the city of Birmingham, when the house on said premises was moved by the defendant." (2.) "The court charges the jury that if they believe the evidence in this case, they will find that the defendant did move the house which was in possession of the plaintiff, viz: 312 South 19th St." (3.) "The court charges the jury that if they find for the plaintiff and if they believe from the evidence that the defendant wantonly and wilfully moved said house, then the jury may give punitive damages if they see fit." (4.) "The court charges the jury if they find for the plaintiff they would give the plaintiff such damages as will compensate her for all of the inconveniences, physical pain or suffering or mental anguish proximately caused by defendant's wrongful act." (5.) "The court charges the jury that if they find for the plaintiff in estimating her damages that they take into consideration the character of the weather, the condition of the house or room in which she stayed, any exposure to her proximately caused thereby any suffering which the evidence showed resulted to her therefrom or for any disease, if the evidence shows that any disease was proximately caused therefrom."

The defendant requested 28 special charges which the court refused, and he excepted. It is only necessary to set out numbers 26 and 28, which were as follows: (26.) "A verbal lease from month to month or for less than a year is not a "demise" within the meaning of plaintiff's replications numbered 4 and 5 and I charge you that there is no evidence that defendant made a demise to plaintiff or that plaintiff was in possession under a demise from defendant at the time the alleged injury was committed and that you must find against plaintiff on her said replications 4 and 5." (28.) "In considering this case you must not be influenced by sympathy, partiality or passion; you must not be partisans of either party; you must consider the case fairly and impartially; you have no right to take from one or to give to another but it is your whole duty to render a true verdict according to the evidence."

There were verdict and judgment for plaintiff, and defendant appeals. The assignments of error, 59 in num-

[Snedecor v. Pope.]

ber, are considered by the court *seriatim,* and are as follows: (1), (2), (3.) "The court erred in overruling appellant's motion to strike out indicated portions of the 3rd, 4th and 5th counts of the complaint." (4), to (7). "The court erred in overruling appellant's demurrer to the 1st, 2nd, 3rd, and 4th counts of the complaint." (8). "The court erred in sustaining appellee's demurrer to appellant's second plea." (9), (10), (11). "The court erred in overruling appellant's demurrer to appellee's 2nd, 4th and 5th replications." (12). "The court erred in sustaining appellee's objection to the question asked the witness Pearl." (13). "The court erred in overruling appellant's objection to the question propounded to plaintiff by her attorney." (14). "The court erred in sustaining appellee's objection to the question propounded by appellant to appellant." (15). "The court erred in sustaining appellee's objection to the question propounded by appellant to Henderson." (16). "The court erred in overruling appellant's objection to the question propounded by appellee to the witness Taylor." (17) to (23). "The court erred in overruling appellant's objection to evidence of trespasses committed on dates other than Feb. 28, 1902, and in overruling appellant's motion to require plaintiff to elect which of the several trespasses shown by the evidence plaintiff would rely on for a recovery." (24), (25), (26), (27). "The court erred in the several portions of the oral charge to which exceptions were reserved." (28) to (32). "The court erred in giving appellee's written charges numbered 1, 2, 3, 4, 5." (33) to (59). "The court erred in refusing appellant's written charges numbered 1 to 28."

GEORGE HUDDLESTON, for appellant.—A parent cannot recover damages for mental distress or anxiety caused by sympathy for a child's sufferings.—8 A. & E. Encyc. Law. (2 ed.), 664. In an action of trespass the complaint must describe the close upon which the trespass was committed.—Code, form 26, p. 948; *Pike v. Elliott,* 36 Ala. 69; *Bessemer Co. v. Jenkins,* 111 Ala. 135; 21 Enc. Pl. & Pr., 818. Complaint must allege time of commission of trespass.—Code, form 26, p. 948; 21 Ency.

Law, 811. Trespass will not lie against one who enters
the premises by the consent of plaintiff, who subse-
quently revoked the license.—*Scarvell v. R. Co.*, 28 L.
R. A. 519, and note. Where a trespass is charged on a
specific day, the evidence must be confined to one day,
and plaintiff may be required to elect a day, for the tres-
pass occurring on which, he will recover. —*U. S v.
Kennedy,* 3 McLean (U. S.) 175; 21 Enc. Pl. & Pr., 811;
*Pierce v. Pickens,* 16 Mass. 470; *Burnham v. Call,* 2
Utah 433; *Cheswell v. Chapman,* 42 N. H. 47; *Powell v.
Bragg,* 15 Gray (Mass.) 507; *Joralimon v. Pierpont,*
Auth. (N. Y.) 42; *Kendall v. Co.,* 125 Mass. 532. A wit-
ness cannot be impeached on immaterial matter; *Griel v.
Solomon,* 82 Ala. 85. The court erred in its oral charge
to the jury.—2 May Dig. 1020 and 1025, § § 7 and 11;
12 A. & E. Encycl. Law 51; *Garrett v. Sewell,* 108 Ala.
521. Material allegations must be proved as alleged.
—*Gilmer v. Wallace,* 75 Ala. 220. In an action for tres-
pass to realty against a stranger, the tenant may recover
full damages, but, in an action against his landlord, he
can only recover for damages to his special interest.—
Suth. Damages § § 139, 159, 1012. The burden of proof
is on plaintiff to show that he did not consent to the
trespass.—*Rogers v. Brooks,* 105 Ala. 549.

FRANK S. WHITE & SONS and C. B. SMITH, *contra.*
The action of the court, on the motion to strike, was
proper.—*A. G. S. R. Co. v. Sellers,* 93 Ala. 9. The de-
scription of the premises were sufficient.—*Bessemer Co.
v. Jenkins,* 111 Ala. 145. The averment as to the time,
in 2nd count, was sufficient.—1 Chitty on Pl. 408; 21
Enc. Pl. & Pr. 814; *Thornton v. Cochran,* 51 Ala. 415.
The 2nd plea was not an answer to the entire complaint,
and, therefore, bad on demurrer.—*Bank v. Bank,* 116
Ala. 535; *Smith v. Dick,* 95 Ala. 311; *Foster v. Napier,*
73 Ala. 565; *Galbreath v. Cole,* 61 Ala. 139. It was not
necessary to set out the lease in the replications. The
question, asked the witness Pearl, called for immaterial
testimony. The question to Henderson called for hear-
say. It was not material that plaintiff did not complain
to the police. The plaintiff was properly permitted to
prove the commission of acts of trespass on different

days.—*DuBois v. Beaver,* 25 N. Y. 123; *Relyea v. Beaver,* 34 Barb. 547; *Burnham v. Call,* 2 Utah 433.

SIMPSON, J.—This was an action by appellee (plaintiff) against appellant (defendant) for damages for a trespass, claimed to have been committed by appellant, on the premises occupied by appellee, as tenant of appellant.

The assignments of error are numerous and we will take them up in the order in which they are noticed in the brief of appellant:

1. The assignments, numbered one to three inclusive, claim that the court erred in refusing to strike those parts of counts 3, 4 and 5, which mentioned the sufferings of plaintiff's family.

This Court will not reverse on account of the refusal to strike, as the matter may be remedied by objection to testimony and requesting proper charges. In addition, we hold that, in the present case, the allegations do not necessarily mean that plaintiff was proposing to recover for physical pain and mental suffering by the family, but the facts stated indicate the financial damage to the plaintiff, as well as the mental anguish which she may have suffered, and show the extent of the injury inflicted by defendant.—*Ala. G. S. R. Co. v. Sellers,* 93 Ala. 9.

2. The assignments, from 4 to 7 inclusive, raise the point that the description of the premises, "312 South 19th St. in the city of Birmingham," is not sufficient. The description was sufficient to inform the defendant as to the premises, and if, as suggested, there might have been no such premises, it was easy for defendant to bring that up by proper plea. On the contrary, the Court judicially knows that this is the usual way of designating property in cities, from which any person of ordinary intelligence could readily know the property referred to.—*Bessemer Land & Improvement Co. v. Jenkins,* 111 Ala. 135.

3. The demurrer to the second count of the complaint should have been sustained, as said count fails to allege the time when said trespass was committed.—21 Ency. Pl. & Pr. 811; *Kendall v. Bay St. Brick Co.,* 125 Mass. 532; *Glenn v. Garrison,* 17 N. J. L. 1.

4. There was no error in sustaining the demurrer to the second plea of defendant. Said plea did not deny the real *gravamen* of the charge of trespass, which was the tearing down of a portion of the house. Also the expression "The premises described in the complaint" is of doubtful meaning. If it means simply "Lot 312," the defendant might have been on said "Lot," by permission, or license, and yet not have a license or permission to enter upon the house situated on said lot.

As to the general question to be raised, that a party, who enters peaceably under permission, cannot afterwards become a trespasser : In the "Six Carpenters Case" (8 Coke 146a) it is said that it was resolved by the court, that "When an entry, authority or license is given to any one by the law, and he doth abuse it, he shall be a trespasser *ab initio;* but where an entry, authority, or license is given by the party, and he abuses it, then he must be punished for his abuse, but shall not be a trespasser, *ab initio.*"

It is singular that, while this expression in this celebrated case has been made the text of many decisions since, and is still the law, yet it was merely a *dictum,* as the defendant merely refused to pay for a quart of wine, after having paid for a previous one, and the real decision of the case was simply that the *nonfeasance* was not a trespass.—1 Smith's Leading Cases (Hare & Wallace's notes), p. 216.

While some authorities seem to have misunderstood the second clause of this statement of the law,—to the extent of intimating that one, who goes into another's premises by his permission, cannot be guilty of trespass at all, we hold that the emphasis is on the words *"ab initio,"* and that although such a person is not a trespasser *"ab initio,"* yet he is a trespasser, from the time when he goes beyond the purpose for which he was permitted to enter.—*Suffern v. Townsend,* 9 Johnson, 35; 6 Waits' Actions & Defenses, p. 87; *Dumont v. Smith,* 4 Denio, 319; *Stone v. Knapp,* 29 Vt. 501; Hillard on Torts, (4th ed.) § 30 p. 180; 2 Jaggard on Torts, pp. 680-1.

Said plea professed to answer all of the counts of the complaint, and, even if it could be held to be an answer

to one, which we do not hold, it certainly could not be to all of them, the entry not even being an element of some. *First National Bank of Birmingham v. First National Bank of New Port,* 116 Ala. 520, 535; *Smith v. Dick,* 95 Ala. 311; *Foster v. Napier,* 73 Ala. 565; *Galbreath v. Cole,* 61 Ala. 139.

5. The 9th and 11th assignments of error are not sustained. It is not necessary to set out the entire lease contract in the replication, as that was a matter of evidence, to which proper objections could be urged when it was offered in evidence. The replications alleged the material facts that there was such a lease, that it had not expired, and plaintiff was in possession under said lease; and this applies also to the 4th and 5th replications. While it is true that it is in the province of the court to construe contracts and written instruments, yet it does not follow that all contracts and written instruments, which are to be introduced in evidence, are to be set out in full in the pleadings.

6. The 12th assignment of error is not sustained. The record does not disclose what the purpose was in propounding the question, nor how it was relevant, nor does it disclose what the grounds of objection to it were. The presumption is that the court was correct.

7. Referring to the 13th assignment of error: the defendant had brought out, by cross-examination, facts in regard to the dinner of the plaintiff on the day the *"House was moved,"* it was legitimate to question her about that dinner, but the question seems to have been about whether she had dinner on the day "They began work on the house," which was irrelevant, though it does not seem to be a matter which could have any influence on the case one way or the other. However that may be, the question was not answered at all, and the answer which was not responsive to the question might have been excluded on motion, if not proper. So we do not see that there was any error, of which defendant could complain, in this matter.

8. The question involved in the 14th assignment of error was clearly hearsay, and properly excluded.

[Snedecor v. Pope.]

9. It was entirely immaterial, to the issues involved in this case, whether or not plaintiff complained to the police authorities, consequently the 15th assignment of error is not sustained.

10. The 16th assignment of error is sustained. The matter inquired about was wholly immaterial to the issue involved in the case.

11. The assignments of error numbered from 17 to 23, inclusive, raise the question whether or not, "When a trespass is alleged to have occurred on a day certain, no allegation of *continuando*, or trespass on diverse days being made," proof is admissible of a number of separate trespasses, or of a continuing trespass covering several days at a time and involving a number of separate entries; also whether a plaintiff, in such case, may be required to elect, on which of a number of different trespasses on different days, she will rest her case.

We hold that in such case, while the plaintiff is not confined to the exact day mentioned, yet, having by her complaint claimed only for a trespass committed on a certain day, without a *continuando*, she is confined to a recovery for a trespass on some one day, and may be required to elect some day in which the acts of trespass are to be proven.—21 Ency. Pl. & Pr. p. 814; *Kendall v. Bay St. Brick Co., supra; Pierce v. Pickens,* 16 Mass. 470. Consequently the court erred in the matters referred to in said assignments, in so far as they contravened the principle just stated.

12. Assignment 24 is not sustained. The fact that the measure of damages may be different does not change the principle, that the landlord has no more right to invade the house of the tenant, than an outsider would have.

13. Assignment 25 is not sustained: as there was no question before the jury, and no evidence introduced, in regard to any damages, except those sustained by plaintiff, the expression "All the consequences of this act" refer to the consequences as to the plaintiff, and, if the defendant thought that the jury might misunderstand it, he could have asked for a qualifying charge.

19s

14. A person is not presumed to consent to a trespass on her property without proof, and the allegation that the trespass was committed without her consent, does not shift the burden of proof, as to consent, from the defendant to the plaintiff. Consequently, assignment 26 is not sustained.

15. Assignment 27; the criticism of this part of the court's charge is hypercritical.

16. Assignments 28 and 29 are sustained, as there is no 'evidence that defendant moved "the house," but only a part of it.

17. There was no error in the giving of charges 4 and 5, requested by the plaintiff, mentioned in 31st and 32nd assignments of error, for the reason stated *supra*, in regard to assignment 25.

What has been said, with the following additional statements, will dispose of the remaining assignments of error, which refer to charges requested by the defendant and refused, to-wit:

18. The allegations of the complaint must describe the acts of violence, so that issue may be taken thereon, and the proof must correspond with the allegations.

19. Punitive damages are recoverable, only when the wrongful act was done wantonly, or maliciously, or with circumstances of aggravation.—*Garnett v. Sewell*, 108 Ala. 521; 1 Addison on Torts (Woods' ed.), p. 469, note 1.

After the expiration of the term of tenancy, the landlord is not guilty of trespass, by entering on the premises, but he may make himself liable by acts of violence, or unnecessary force after he enters.

20. The damages, recoverable by the tenant, are only those which he sustains; that is, the value of the damage to the leasehold, and such damages as the tenant may personally sustain, and not the damage to the freehold of the landlord.—2 Jaggard on Torts, p. 666.

21. Where damage is claimed for the destruction or injury of personal property, the value of the property destroyed, or the extent of the damage or injury, should be proved, in order to enable the jury to render an intelligent verdict.

22. The objection to the use of the word "demise" is too technical. A demise does not necessarily import a sealed instrument.—1 Rapalje & Lawrence's Law Dictionary, p. 371; *Magee v. Fisher*, 8 Ala. 320.

23. While it is proper to instruct the jury that they must "Weigh the evidence fairly and impartially, without partiality or passion," it is not to be presumed that they will do otherwise, and such an instruction is not a matter of right, especially as, in the, absence of a full statement of the oral charge of the court, it will be presumed that the jury were properly instructed in that particular.

The judgment of the court is reversed and the cause remanded.

McClellan, C. J., Tyson and Anderson, J.J., concurring.