No. 1730.—SAMUEL and LOUIS FASNACHT v. WILLIAM WINKELMAN and FRANK HEUER.

*Where a lease has been given for one year, with a privilege of renewal for five years, and a third party binds himself as surety for the lease, and the lease is renewed at the expiration of the year, the surety is not bound on the extended lease, unless it is shown that he consented to the extension.*

APPEAL from the Fifth District Court of New Orleans—*Leaumont,* J. G. *Schmidt* for plaintiffs and appellees. *Buchanan & Gilmore* for defendants and appellants.

HOWELL, J. The plaintiffs leased to the defendant Winkelman certain property for one year, from first August, 1865, with the privilege of renewing the lease for four years more for the same price and under the same conditions, provided written notice be given to the lessors at least three months before the thirty-first July, 1866. The defendant Frank Heuer intervened in the act, and "declared that he hereby binds himself, jointly and *in solido*, with and as security for the said lessee, for the punctual payment of the rent herein stipulated, and of all costs and damages resulting from any violation of any of the conditions of the foregoing lease, hereby consenting to be bound as if he were the principal obligor herein, and renouncing the plea and benefit of discussion or division granted by law to sureties."

The thirty days' notice was given by the lessee; and in September,

1867, this suit was instituted for the quarterly rent due on first of August of that year. The defendants filed separate answers, Heuer alleging that his responsibility ceased on thirty-first July, 1366, and was not renewed. Judgment was rendered against both *in solido*, and Heuer appealed.

There is no proof that Heuer consented to the extension or renewal of the lease; but plaintiffs say that by his contract he was as much their tenant as Winkelman, and that the acts of the latter were his acts, of which he is not permitted to plead ignorance. This position is untenable. The lease was made to Winkelman as the tenant, and Heuer became his security, bound, it is true, as if he were the principal obligor in the lease, but only for the term of that lease, to wit, one year. The faculty of renewing was a privilege or right, to be exercised by the lessee upon a given condition, and not an obligation assumed by the surety. He was liable to the same obligations as the debtor himself (C. C. 3014, 2086) during the lease, but he did not agree to be bound in the renewed or extended lease by the giving of the required notice to the lessors by the lessee. The clause in relation to the renewal only bound the lessors and the lessee to the same price and conditions, if the lease were renewed, as contemplated. The consent of the surety was necessary to bind him on the extended lease. His consent cannot be presumed from the terms of the original lease.

It is, therefore, ordered, that the judgment herein against Frank Heuer be reversed, and that there be judgment in his favor, with his costs in both courts.

Rehearing refused.