Delivered February 3, 1891.

---

## J. W. JOHNSON ET AL. v. JOEL BAILEY & CO.

### No. 2917.

1. **Guaranty—Notice of Acceptance.**—It is true that a mere offer or proposal to guaranty is not binding on the party making it until he has notice that the person to whom it is made accepts it; but when the parties to be bound and secured have entered into a contract of guaranty, then such notice is no more necessary than in any other case in which the rights of the parties depend on contract.

2. **Guaranty.**—A contract bearing upon its face evidence that the makers intended to be bound by it when delivered can not be regarded as a mere proposal. See contract held a guaranty, not an offer to guaranty.

3. **Construction of Contract — Limited Guaranty. —** A guaranty by its terms "an open and continuous one *at all times* to the amount of $1000 until revoked by us in writing" imposed upon the makers an obligation to pay to the extent of $1000 for any default occurring before its revocation within said limit, regardless of the value of articles contemplated to be used and furnished before the default sued upon.

4. **Drummer's Samples.**—Merchants brought suit upon a guaranty for the return of samples used by a drummer furnished by plaintiffs for use in the trade. A plea that the drummer had sold the samples in a business carried on by him, it not being alleged that it was known to the plaintiffs, is not a defense.

5. **Pleading — Offsetting Commissions.—** It was pleaded that the merchants in their dealing with their drummers reserved a lien upon commissions, or reserved them until settlement at regular times. *Held*, that such contract would not authorize the reserving of commissions to secure samples for future trade, and it not being shown that any commissions were paid which could have been applied upon the account sued upon, the matters would be no defense.

6. **Same.**—To have made a good answer it should have been alleged that at the close of the season in which the samples in question were sent out commissions enough to have paid for them were paid to the drummer.

7. **Irrelevant Testimony. —** Attached to the petition was an affidavit to the correctness of the account for the samples as "sold and delivered." This was offered in evidence by the defense, and was properly excluded on the ground that there was no pleading setting up such sale.

8. **Contract Construed. —**The contract between the merchants and the drummer specified that the articles should be furnished the drummer for use in the business. There was no express stipulation for their return or for payment for them. *Held*, that as the guaranty stipulated for their return or payment of their value, an action upon the guaranty would lie for their value when not returned.

APPEAL from Brazos.   Tried below before Hon. John N. Henderson. The opinion states the case.

*J. D. Thomas,* for appellants.—1.   Appellants were not bound by their

guaranty without notice of its acceptance by plaintiffs.   Wheeler v. May-
field, 31 Texas, 396; Mayfield v. Wheeler, 37 Texas, 259; Kinchloe v.
Holmes, 45 Am. Dec., 42; Menard v. Scudder, 56 Am. Dec., 619; Lee v.
Dick, 10 Pet., 495.

Davis v. Wells, Fargo & Co., 104 United States, 159, relied on by ap-
pellees, is explained and made consistent with the other cases by the later
case, Machine Co. v. Richards, 115 United States, 524.   Walker v. Forbes,
60 Am. Dec., 501.

2.   Taylor's commissions in the hands of plaintiffs, sufficient in amount
to pay for samples as pleaded, is a discharge to appellants.   Gard v. Stev-
ens, 86 Am. Dec., 53; Brandt on Sure., secs. 260, 262, 370–372, 384–387,
414; Baylis on Sure., pp. 260, 261, 239, 274.

3.   Upon allegations of appellants the guaranty was exhausted in
amount before the delivery of the goods in suit.   Menard v. Scudder, 56
Am. Dec., 619; Wild v. Haycroft, 2 Duv., 309; Cramer v. Higginson, 1
Mason, 323; 2 Pars. on Con., 21, note w.

4.   Appellants are discharged by the action of plaintiffs in permitting
Taylor to sell the goods as merchandise in competition with appellants.
Boschert v. Brown, 72 Pa. St., 372; Baylis on Sure., 274.

*A. C. Brietz,* for appellees, cited Davis v. Wells, Fargo & Co., 104 U.
S., 159.

STAYTON, CHIEF JUSTICE.—Appellees sued C. W. Taylor and ap-
pellants upon the breach of a written contract of guarantee set up in their
petition, whereby appellants were alleged to have guaranteed to appellees
the safe return, or their value, of samples entrusted by the appellees to
Taylor as salesman or drummer.   Appellees recovered judgment against
Taylor and against appellants, as his guarantors, for the sum of $621.15,
with 8 per cent interest per annum thereon from and after the 20th day
of August, 1888.

The petition alleged that Taylor entered the service of plaintiffs as a
salesman, solicitor, or drummer on January 27, 1885, and that he so con-
tinued to serve them until about May 1, 1888, and that on December 31,
1887, plaintiffs delivered to him samples of the reasonable value of the
sum sued for, which he had failed to return or to pay for.   The samples
were actually sent out in the months of June, July, August, and Sep-
tember, 1887, for the fall trade of that year.

The contract of guarantee executed by defendants was as follows:   "For
and in consideration of one dollar to —— in hand paid by Joel J. Bailey
& Co. (the receipt of which is hereby acknowledged), —— hereby guar-
antee to them at all times the safe return, or their value, of any and all
samples that may be entrusted by the said Joel J. Bailey to Charles W.
Taylor; provided, however, that liability hereunder shall not exceed the

sum of $1000. This guarantee to be an open and continuous one at all times to the amount of $1000, until revoked by us in writing. And it is understood and agreed that any and all samples delivered to the said Charles W. Taylor are upon the faith and in consideration of this agreement of guaranty. It is hereby understood that the guarantors are not to be responsible for loss of samples occasioned by fire or railroad accident.

" Dated at Bryan, this 27th day of January, in the year of our Lord, 1885." Signed by the guarantors.

This instrument was made an exhibit to the petition and was properly pleaded.

Defendants pleaded that they were not bound by it because they were never notified of its acceptance by the plaintiffs, and the court sustained an exception to so much of the answer.

It is urged that this was error.

It is held that a mere offer or proposal to guaranty is not binding on the party making it until he has notice that the person to whom it is made accepts it; but when the parties to be bound and secured have entered into a contract of guaranty, then such notice is no more necessary than in other cases in which the rights of the parties depend on contract.

We can not regard the instrument as a mere proposal to guaranty, for it bears upon its face evidence that the makers of it intended to be bound by it when delivered.

It purports to be upon consideration paid by plaintiffs, " the receipt of which is hereby acknowledged;" its makers "hereby guarantee;" they recite that it "is understood and agreed" and that "it is hereby understood."

Such language is inconsistent with an intention only to make a proposal or offer to be bound.

There can be no agreement unless the minds of the contracting parties meet, and when an instrument shows that this fact has occurred and it is shown that it was delivered, the makers of it become bound to do or not to do the act which in the instrument they agree to do or refrain from doing.

This instrument is much like that considered in Davis v. Wells, 104 United States, 159, in which it was held that notice was not necessary. The opinion in that case discusses the question involved in this with admirable clearness.

The defendants also pleaded, in effect, that the value of samples furnished Taylor before those in suit was over $1000, and they had been paid for after appellants' liability had attached under conditions named, and their guaranty was exhausted in amount before the goods in suit were delivered.

The court sustained an exception to so much of the answer as alleged that defendants, under their guaranty, only became liable for samples to

the extent of $1000 first furnished to Taylor, and in this we are of opinion there was no error.

By the terms of the contract it was "an open and continuous one *at all times* to the amount of $1000 *until revoked by us in writing.*"

Under this the extent of liability was $1000, but this extended to any indebtedness of Taylor arising from his failure to redeliver or pay for samples, whether or no it occurred after he had returned or paid for more than $1000 worth.

It was made in terms a continuing guaranty, but its makers reserved the right to revoke it in the manner prescribed. They never revoked it, and it imposed upon them an obligation to pay to the extent of $1000 for any samples Taylor might fail to return or pay for, although prior to the receipt of the samples on which this action is based he may have received and accounted for samples in value amounting to many thousand dollars.

Defendants alleged, in effect, that Taylor placed samples in a store in the city in which they were doing business of a like character for his own benefit, but under an assumed name, and sold them out instead of using them as samples, and that they were thereby injured and misled, but there is no averment in this paragraph of the answer that this was done with the knowledge and consent of the plaintiffs.

So much of the answer presented no defense to the action, and the court did not err in sustaining an exception to it.

Other parts of the answer alleged that, with consent of plaintiffs, Taylor had used the samples in a mercantile business in which he was interested that was carried on in the name of another, but no exception to so much of the answer was sustained, and the court submitted to the jury, by a charge not complained of, whether plaintiffs had permitted Taylor to carry on a mercantile business with the samples, under which the jury evidently found against the defendants.

Defendants allege that Taylor was to receive compensation for his services through commissions on sales made by him, and then averred that "while in the contract between plaintiffs and said Taylor, upon which said guaranty was based, said Taylor was required to return all samples or to account for their value, yet the liberal commissions provided for were amply sufficient, considering the skill of said Taylor as a salesman, to secure an accounting for the samples. And as a security for such accounting plaintiffs expressly provided that such commissions should in no case come into the hands of said Taylor except by the special direction of plaintiffs, and that at the end of each business season, the time for samples to be accounted for, a regular settlement should be made and all amounts due for samples should be charged against said Taylor's commissions, and only the balance paid to him. By virtue of this contract plaintiffs had a lien on such commissions to secure the payment of any sums due them on account of samples. And this was the general method

of plaintiffs in dealing with a large number of salesmen in their employment, and was made known to defendants by plaintiffs' agent at and before the time of signing such guaranty, and it was upon faith that said commissions would be so applied that these defendants signed said guaranty. Upon this contract plaintiffs furnished said Taylor with more than $1000 worth of samples, and said Taylor earned in commissions more than $1000 before the delivery to him of the goods set out in the petition.

"Upon these facts these defendants say they can not be held liable on their guaranty, because:

"1.   They had no notice whatever that plaintiffs had accepted their guaranty, or that they had furnished said Taylor with any goods on account of said guaranty, or that said Taylor had failed to return any such goods or had failed to pay their value as he was bound to do.

"2.   Plaintiffs had used no diligence whatever to secure from said Taylor the return of such goods or pay for them.

"3.   Upon delivery of the *first samples* to said Taylor under said contract these defendants became immediately liable for them under the conditions before named, and their guaranty being limited in amount to $1000 was exhausted before the delivery of the goods set out in petition.

"4.   The commissions earned by said Taylor before such delivery were more than sufficient to cancel the demand here in suit.

"If plaintiffs applied such commissions to payment for samples, as they were bound to do, the liability was discharged as to all the defendants, but if applied in any other way it was a misappropriation of funds to the benefit of which these defendants as guarantors were entitled, and it equally operated their discharge, though defendant Taylor might still be liable."

There is no averment here that plaintiffs were entitled to apply in payment for the samples sued for, any sum whatever which was not so applied.

The answer in so far is based on the theory that defendants were only liable for the first $1000 worth of samples sent out after the guaranty was given, and that if there were any returned or paid for, or if plaintiffs had any sum of money earned by Taylor as commissions during his entire term of service which amounted to that sum, then they were discharged if plaintiffs failed to apply such sum to payment of samples in question, although at the close of a season all samples sent out to that date had been returned or paid for and commissions due at such settlement paid to Taylor in accordance with the agreement alleged.

The contract alleged by defendants would not have entitled plaintiffs to hold after the settlement for a season, which were to be made semiannually, any commissions due Taylor on settlement in order to secure plaintiffs for samples to be sent out the next season.

To have constituted a good defense the answer should have alleged that at the close of the season in which the samples in question were sent out

commissions enough to have paid for them were paid to Taylor.   No such averment was made, and the court correctly sustained the exception to so much of the answer.

The petition alleged that the samples were delivered to Taylor and that he agreed to return them, and had failed to do so or to pay for them; and the exhibit of items attached was followed by an affidavit made by the bookkeeper of plaintiffs which stated the time of delivery, and in this connection it contained a statement that the goods " were sold and delivered." This affidavit defendants proposed to read in evidence evidently for the purpose of showing that the goods were not delivered to Taylor as samples to be returned, but as goods sold and delivered.

The court excluded this evidence on the ground that there was no pleading alleging a sale and delivery of the samples.   It is not claimed that such a defense was set up, and the court did not err in excluding the evidence.

The contract between plaintiffs and Taylor was offered in evidence.

That contract contained the following clause:  " Joel J. Bailey & Co. are to furnish trunks, valises, and boxes for samples, and deliver all samples sent to the party of the second part whilst he is on the road, supply him with postage stamps such as may be required, and fill all orders free of charge, said supplies to be subject to their approval."

Because of this clause in the contract evidence showing that the samples were to be returned or paid for was objected to, but the court overruled the objection, and in this we think there was no error.

There was nothing in the clause tending to show that the samples were not to be returned or paid for, though no charge was to be made for their use or transportation to Taylor.

The purpose of the guaranty was to secure their return or payment for them.

It was claimed by defendants that there had been a change in the contract between Bailey & Co. and Taylor, but no evidence tending to show that this was true, and the court did not err in directing the jury that there was no such issue before them.

The charges requested by defendants were properly refused, for there was neither pleading nor evidence that would have justified the giving of such charges.

There was no error in overruling the motion for a new trial.

Finding no error, the judgment will be affirmed.

*Affirmed.*

Delivered February 3, 1891.

Motion for rehearing by appellants was argued by *Willie, Mott & Ballinger.*

The motion was refused.