MARY ANN KANOUSE v. JACOB S. WISE ET AL.

Submitted March 20, 1908—Decided June 8, 1908.

A landlord leased to his tenant a property for the term of one year "with the privilege to renew this lease upon the same terms and conditions for a further period of four years." The defendants became "surety for the punctual payment of the rent in the above-written agreement mentioned to be paid * * * as therein specified, and if any default shall at any time be made therein we do hereby promise and agree to pay * * * the said rent or any arrears thereof." *Held,* that the guarantor's liability ceased at the expiration of the year, except as to rent unpaid for that period, and that they were not bound as sureties should the tenant exercise his option of renewal for a further term of four years.

On demurrer to declaration.

Before Gummere, Chief Justice, and Justices Bergen and Minturn.

For the plaintiff, *Raymond Dawson* and *Thomas J. Hillery.*

For the defendant Jacob S. Wise, *Allen R. Shay.*

The opinion of the court was delivered by

Bergen, J.   The plaintiff and Benjamin K. Atno entered into a written lease for a hotel property at Boonton "for the term of one year, to commence on the 3d day of April, 1905, at the yearly rental of $1,800, payable in equal monthly payments on the first day of each month, in advance, during said term, with the privilege to renew this lease upon the same terms and conditions for a further period of four years." The defendants became "surety for the punctual payment of the rent in the above-written agreement mentioned to be paid by Benjamin K. Atno, as therein specified; and if any default shall at any time be made therein, we do hereby promise and agree to pay unto the landlord, in said agreement named, the said rent or any arrears thereof that may be due, without requiring notice or proof of demands being made." This suit is against the guarantors for rent which accrued after the expiration of the first year. The breach of their agreement set out in the declaration being the non-payment of the sum of $300 of rent for the months of July and August, 1907, for which the lessee had defaulted. The defendant Jacob S. Wise demurs, and one ground set up in support of the demurrer is that the contract of suretyship did not extend beyond the year beginning April 3d, 1905, and that the liability of the sureties ended April 3d, 1906, except for rent then due and unpaid. I think this point is well taken. The actual obligation, as shown by the contract of surety, was the punctual payment "of the rent in the above-written agreement mentioned." The lease does not bind the lessee to enter into a renewal for the following four years. He had the option to do it, but so far as this lease is concerned he was under no obligation to exercise that option. The agree-

ment is that the lessor, at the option of the lessee, will make a new lease upon the same terms for a further period. The only definite term named in the lease is one year, and the rent mentioned is the rent for the year which the lessee affirmatively bound himself to pay.

In the case of *Salisbury* v. *Hale,* 12 *Pick.* 416, cited in support of this declaration, the covenant was to hold for the term of one year, the tenant paying $250 per annum for the same and after that rate for a shorter period. The rent was to be paid quarterly with a covenant "to pay the rent as above stated, and all taxes and duties levied on, or to be levied thereon, during the term, and for such further time as the lessee may hold the same." At the time the lease was made the surety signed a writing on the back of the lease by which, in consideration of $1, "I hereby guarantee the fulfillment of the covenants of the within-named Duriviage (the lessee) as within expressed." The tenant who had occupied the house for one year before the commencement of the lease, which was dated March 21st, 1826, continued to occupy it until June 21st, 1829, when he· left it with rent in arrears. No new lease or express contract was entered into between the lessor and lessee subsequent to the lease. The question was whether the surety was bound for more than one year. It was held that the covenant bound the surety to pay rent as well as taxes for such further time as the lessee might hold. On this point it was said to be decisive "that the parties did certainly look to the contingency of the lessee's holding over for some purpose, because the words 'further time' can have no other meaning than time beyond the stipulated term of one year." The *habendum* being for a certain term, where the covenant to pay rent is general, without anything to show whether it intended rent during the term, or after it, the covenant would be qualified by the *habendum,* and it would be construed to be a covenant to pay the rent reserved, that is, during the term. But if a party covenants to pay rent beyond the term, although it does not enlarge the term, it is still a valid contract, and the law will give it effect. In the

present case, however, there is no covenant to pay rent beyond the term. The lessee may assume such an obligation at his option, that is, he may renew the lease, and while the execution of a written lease is not required if the tenant holds over, nevertheless it is, so far as the surety is concerned, a new lease, and he is not bound beyond the term for which he contracts.

The defendant is entitled to judgment on his demurrer.