STAMPS v. PLATT et al. (No. 1045.)

(Court of Civil Appeals of Texas. El Paso. Jan. 22, 1920.)

1. BILLS AND NOTES ⚬⚬132 — CONDITION OF CLEARING TITLE TO PREVENT MATURITY OF NOTE.

Where note given to purchaser by vendor and another, to guarantee vendor's completing title, provided for maturity a year from date, and provided that, "if title is cleared on or before" such due date, "this note becomes null and void, otherwise it shall remain in full force and effect," the fact that there was on such due date a suit pending at vendor's expense to clear the title did not prevent the note from maturing at such date, for the only way to avoid its payment in money at maturity was for the vendor to clear the title before the note's due date.

2. EVIDENCE ⚬⚬448 — WHERE NOT AMBIGUOUS, NOTE NOT VARIABLE BY PAROL.

Where a note sued on is not ambiguous, it cannot be varied by parol evidence.

3. GUARANTY ⚬⚬47—NOTE GUARANTEEING TITLE MATURED WHERE TITLE NOT CLEARED, NOTWITHSTANDING PENDING ACTION TO CLEAR TITLE.

Where a note given to purchaser by vendor and another, to guarantee vendor's completing title, provided for maturity a year from date, and provided that, "if title is cleared on or before" such due date, "this note becomes null and void, otherwise it shall remain in full force and effect," if such note be deemed a contract of guaranty, it matured at its due date, where title had not then been cleared, although there was then pending an action to clear title by the vendor.

Appeal from Freestone County Court; G. W. Fryer, Judge.

Suit by A. D. Stamps against T. W. Platt and another. Judgment for defendants, and plaintiff appeals. Reversed and rendered for plaintiff.

A. B. Geppert, of Teague, for appellant.
Boyd & Bell, of Teague, for appellees.

HARPER, C. J. A. D. Stamp brought this suit against T. W. Platt and W. D. Anderson upon the following instrument in writing:

"[Revenue Stamp.]

"Streetman, Texas, May 17, 1915.

"May 17, 1916, after date, without grace, for value received, I, we, or either of us promise to pay to A. D. Stamps, at Streetman, Texas, three hundred and thirty-eight dollars and eighty-five cents, with interest at the rate of ten per cent. per annum from date, until paid and ten per cent. additional on amount of principal and interest unpaid as attorney's fees, if placed in the hands of an attorney for collection. This note is given as a guaranty to A. D. Stamps that T. W. Platt will clear title on one hundred and twenty acres of Bishop & Platt survey conveyed to A. D. Stamps by T. W. Platt and wife dated September 8, 1915.

"If title is cleared on or before May 17, 1916, this note becomes null and void; otherwise, it shall remain in full force and effect.

"T. W. Platt.
"W. D. Anderson."

For explanation of its provisions, etc., plaintiff alleged:

"That prior to the execution of the note defendant Platt sold plaintiff two tracts of land by deed of warranty; that because of defect in title plaintiff refused to accept the deed; that to induce plaintiff to accept it, Platt executed his note for $315, payable to plaintiff, secured by a deed of trust in 75 acres of land. Thereafter Platt sold this land to one Norman; that to adjust matters amicably the note sued on was executed; that the title to the lands has not been cleared as provided in the note, nor has plaintiff secured possession."

Defendants answer by general demurrer, general denial, and specially answer:

That "the instrument sued on it not a promissory note, nor was it intended as such, but was executed in the nature of a bond to clear title to certain lands, and that time is not the essence thereof." Further that the title to the lands is clear; that a good and merchantable title was conveyed to plaintiff, Stamps; that there is a dispute as to a boundary line between Stamps and one Bigham; that a suit is pending at the expense of defendant Platt; that it will be prosecuted to final determination by defendant Platt. Wherefore this suit is prematurely brought, etc.

Tried before the court without a jury, and judgment entered for defendant, from which plaintiff (below) appealed, and presents one assignment of error, viz.: The uncontradicted evidence is that the note sued upon is due and owing, and that the time stated in the note is the essence thereof. Appellee has filed no brief.

[1, 2] The note sued on, copied above, shows that it was executed for value received by defendants, and that the only way

to avoid its payment in money at maturity was for defendant Platt to clear the title to the land before maturity which has not been done. The instrument is not ambiguous, so cannot be varied by parol evidence. Smith v. Montgomery, 3 Tex. 199; Rockmore v. Davenport, 14 Tex. 602, 65 Am. Dec. 132; Barnard v. Robertson, 29 S. W. 697; Bank v. Fuller, 191 S. W. 830; Leavell v. Seale, 45 S. W. 171; Riley v. Treanor, 25 S. W. 1054.

[3] But the court heard evidence, and it clearly appears therefrom that it was the understanding of the parties that the note was collectable, if title was not cleared by the time fixed by the writing. So, if properly construed, the writing being a contract of guaranty, it had matured under the facts. Parker v. McKelvain, 17 Tex. 158; Johnson v. Bailey, 79 Tex. 516, 15 S. W. 499.

For the reasons indicated, the cause is reversed, and here rendered for appellant.