Jones & Brindisi, Inc., Respondent, *v*. Samuel Breslaw, as Executor, etc., of Louis Kaplan, Deceased, and Another, Appellants.

First Department, April 27, 1928.

**Landlord and tenant — guaranty of payment of rent — defendant guaranteed payment of rent " in above lease "— lease renewed under option — guaranty did not extend to rent under renewal.**

A written guaranty of " the payment of the rent as stipulated in above lease," does not extend to the rent under a renewal of the lease arising out of the exercise of an option of renewal given in the lease to the lessees.

Appeal by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 19th day of April, 1927.

*Henry W. Williams* of counsel, for the appellants.

*Carroll Blakely Low* of counsel [*Walter Carroll Low*, attorney], for the respondent.

Proskauer, J. The plaintiff leased real estate to Bernstein Brothers for the term of two years and four months beginning June 1, 1919, at a rental of $3,000 per year. The lease contained an option to the lessees to renew for a further period of two years. Pursuant to this option the lessees renewed. Subjoined to the lease was a guaranty reading: " We hereby guarantee the payment of the rent as stipulated in above lease. Bernstein & Kaplan, By L. Kaplan." Bernstein & Kaplan was a firm composed of the decedent Louis Kaplan and the defendant Rose Bernstein. Judgment has been recovered against them on this guaranty for rent accruing during the renewal period.

The language of the guaranty was not broad enough to apply

to the renewal period. In *Knowles* v. *Cuddeback* (19 Hun, 590) a substantially identical guaranty of a lease containing a renewal clause was before the court for construction. It was held: " The surety did not expressly covenant beyond the first term named in the lease, and we cannot find any words in the lease apt and appropriate to conclude him by the tenant's exercise of his option."

A similar conclusion has been announced in other jurisdictions. (*Kanouse* v. *Wise*, 76 N. J. L. 423; *United States* v. *Bayly*, 39 App. D. C. 105; *Fasnacht* v. *Winkelman*, 21 La. Ann. 727; *Brewer* v. *Thorp*, 35 Ala. 9; *Gadsden* v. *Quackenbush*, 9 Rich. Law [S. C.] 222.)

Under the familiar principle that the contract of a surety " is not to be extended by implication or construction " (*Catskill Nat. Bank* v. *Dumary*, 206 N. Y. 550, 555), we hold that the guaranty of rent payable under a lease containing an optional renewal clause, in the absence of language showing a contrary intent, applies only to the rent accruing under the initial term.

For these reasons the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.