## HUNSLEY PAINT MFG. CO. v. GRAY et al.

### No. 5468.

Court of Civil Appeals of Texas. Amarillo.

Oct. 5, 1942.

Rehearing Denied Nov. 9, 1942.

W. S. Birge, of Amarillo, for appellant.

Sanders & Scott, of Amarillo, for appellees.

STOKES, Justice.

This suit was filed by the appellant, Hunsley Paint Manufacturing Company, a corporation, against the appellees, J. Max Gray, B. F. Gray, and J. A. Gray, upon an open account for merchandise consisting of paints, paint brushes, and the like, sold by appellant to Seminole Furniture & Hardware Company of Seminole during the months of March and April, 1940. Appellant alleged that the three appellees were partners in the Seminole Furniture & Hardware Company and sought judgment against them as such. It also alleged that B. F. Gray and J. A. Gray had guaranteed the account and it sought judgment, first, upon the allegations of personal liability of all of the appellees as partners and, secondly, against J. Max Gray upon his original

liability for the account and against the other defendants upon the alleged guaranty.

The case was submitted to a jury upon two special issues. In answer to the first the jury found that the three appellees, on or about April 29, 1940, became partners in the business known as the Seminole Furniture & Hardware Company. The second special issue pertained to the facts concerning certain credits that are not material here.

After the verdict was returned both parties filed motions for judgment in their favor, appellant's motion seeking judgment upon the verdict and the alleged guaranty of the account by B. F. Gray and J. A. Gray, and appellees' motion being in the form provided by Rule No. 301, Texas Rules of Civil Procedure, requesting the court to disregard the finding of the jury in answer to the first special issue, wherein they found appellees were partners in the Seminole Furniture & Hardware Company, and enter judgment in their favor. The motion of appellant was overruled and the motion of appellees to disregard the finding of the jury and enter judgment in their favor was granted as to appellees, B. F. Gray and J. A. Gray, but judgment was entered against J. Max Gray for the amount of the account because he was a partner with others in the business when the goods were purchased.

Appellant's motion for a new trial being overruled, it has perfected an appeal to this court and assails the judgment of the court below upon a number of assignments of error which we do not deem it necessary to discuss in detail. The principal contentions are: First, that the court erred in granting the motion of the appellees to disregard the finding of the jury upon the first special issue and, secondly, that the court erred in refusing to enter judgment in its favor upon the alleged guaranty executed and delivered to it by the appellees, B. F. Gray and J. A. Gray.

In our opinion no error was committed by the court in granting the motion of appellees to disregard the finding of the jury on the question of partnership. Rule No. 301, Texas Rules of Civil Procedure, provides, among other things, that upon motion and reasonable notice the court may disregard any special issue jury finding that has no support in the evidence. Appellant has not pointed out to us any substantial evidence of the formation or existence at any time of a partnership between J. Max Gray and B. F. Gray and J. A. Gray, and a thorough search of the statement of facts has failed to reveal any such evidence. The record shows that J. Max Gray, who resided at Seminole, and J. R. Earnest and Charnell Jobe, who resided at Lamesa, owned and operated the Seminole Furniture & Hardware Company prior to April 29, 1940, and on that day Jobe and Earnest sold their interest in the Seminole concern to J. Max Gray. The cash consideration for this sale was $1,713.60 and it was paid to Jobe and Earnest by B. F. Gray and J. A. Gray, the father and brother of J. Max Gray, who were operating a business at Dumas under the trade name of Gray Supply Company. The evidence shows that on the same day this transaction was consummated J. Max Gray executed to Gray Supply Company his note in the sum of $1,713.60, payable six months after date. The testimony is undisputed that the amount paid to Jobe and Earnest by B. F. Gray and J. A. Gray was a loan to J. Max Gray. It seems there were some negotiations between B. F. Gray and J. A. Gray, on the one hand, and J. Max Gray, on the other, concerning the formation of a partnership between them but the testimony fails to disclose the consummation of such a partnership and the court was justified, under the plain provisions of Rule 301 above mentioned, in disregarding the finding of the jury to the effect that such a partnership was consummated. We find no merit in the first contention of appellant and it will be overruled.

On April 29, 1940, the date on which Jobe and Earnest sold their interest in the Seminole concern to J. Max Gray, they wrote a letter to appellant in which they informed it of the sale but stated that the sale was made upon condition that the appellant would transfer its account against the Seminole store to J. Max Gray. They stated in the letter that Mr. Gray was "being backed by the Gray Supply Company of Dumas, Texas," and "we would like for you to write the Gray Supply Company and get a statement from them that they are backing Mr. Gray and then if you see fit to release us from our obligation in the Seminole Furniture Company we would appreciate a statement from you, saying you will release us." Upon receipt of this letter on April 30, 1940, appellant wrote the Gray Supply Company at Dumas as follows:

"Today, we have received a letter from Jobe & Earnest Furniture Company of Seminole advising us that they are selling, subject to our approval, the stock of paint materials recently bought from us to Mr. J. Max Gray and have asked that we write you and confirm the fact that your organization is financially backing the new concern.

"At the present time Mr. Hunsley is out of the office and not knowing what action he might desire to take, we're writing you per the request of Mr. Earnest and possibly by the time we receive your letter we will have heard also from Mr. Hunsley."

In reply to the letter of appellant the appellees, B. F. Gray and J. A. Gray, under the name of Gray Supply Company, on May 6, 1940, wrote appellant as follows: "We are sorry to have delayed in answering your letter dated April 30. We are willing to guarantee the account referred to in this letter, and will appreciate your releasing Jobe & Earnest."

On June 15, 1940, appellant wrote a letter to Jobe and Earnest at Lamesa in which it released them from their obligations to it. Appellees contend that this correspondence did not amount to a guaranty and that the judgment of the trial court was correct because (a) it must be concluded, in support of the judgment, that the court found that appellant did not accept the offer of the appellees, B. F. Gray and J. A. Gray, to guarantee the acccount; and (b) it must be assumed that the court found, in support of the judgment, that appellant did not notify appellees, B. F. Gray and J. A. Gray, of the acceptance of the offer of guaranty.

It is true that the courts hold generally that notice of an acceptance is required, not only as a condition of enforcibility of the guaranty promise, but also as necessary for the creation of a guaranty contract. One reason for the rule is that unless an offerer of guaranty has indicated assent to being bound without notice, it is not fair to him that he should be bound at all without notice having been given him. Another reason is that it is not to be presumed that an offerer of a guaranty undertakes to be bound without notice of acceptance having been given to him. The rule does not apply, however, when no notice of acceptance is contemplated by the proposed guarantor or required by the nature of the guaranty. Marx v. Luling Co-Op Ass'n, 17 Tex.Civ.App. 408, 43 S.W. 596; Lemp v. Armengol et al., 86 Tex. 690, 26 S.W. 941.

There is nothing in the letter of appellees which indicates they expected any further notice from appellant as to whether it would accept their guaranty. On the other hand, appellant's letter to appellees indicated to them that if they were financially backing J. Max Gray, it would be willing to release Jobe and Earnest from their obligation to pay the account. Instead of being the usual offer of Gray Supply Company to become guarantors of the account, the offer derived from appellant. It was accepted by appellees without limitation or condition and they even went to the extent of requesting appellant to release Jobe and Earnest. This was implied by the letter to them from appellant and when, in response thereto, it received the unconditional guaranty from appellees, it released Jobe and Earnest from their liability on the account. The nature of the guaranty required no further notice to appellees. When appellant released Jobe and Earnest in response to the request of appellees and in consideration of their guaranty, as contemplated by all of the parties, the rights of the parties were fixed. Johnson et al. v. Bailey et al., 79 Tex. 516, 15 S.W. 499.

Appellees contend that their letter was only an offer to execute a guaranty in the future because it said, "We are willing, etc." Their letter was in reply to one from appellant in which appellant told them that the sale from Jobe and Earnest to J. Max Gray was subject to appellant's approval. This could have meant nothing more than that Jobe and Earnest desired a release of their liability for appellant's account and it is evident that both appellant and appellees so understood it. Jobe and Earnest had written appellant that the Gray Supply Company was backing J. Max Gray and appellant wrote the supply company, that is, B. F. Gray and J. A. Gray, and asked them if they would "confirm the fact that your organization is financially backing the new concern," which was J. Max Gray. Instead of confirming the fact, appellees wrote appellant: "We are willing to guarantee the account referred to in this letter and will appreciate your releasing Jobe & Earnest." The letter referred to by them could have been none other than the letter they were answering, and it is evident they fully understood that the account referred to was the account which appellant held against the Seminole Furniture Company. There is nothing in this which indicates any of the parties contemplated further negotiations. The only rational construction that can be

placed upon the correspondence is that it was a guaranty in and of itself.

 In its letter to Jobe and Earnest, appellant stated, in effect, that the Seminole Furniture Company had assumed all obligations and that this was the basis upon which it was releasing Jobe and Earnest from liability on the account. Appellees contend that this indicates appellant was not relying upon the guaranty of B. F. Gray and J. A. Gray, but upon an assumption of the indebtedness by J. Max Gray and that the minds of the parties never met upon a contract of guaranty. The testimony indicates that at the time appellees, B. F. Gray and J. A. Gray, wrote the letter guaranteeing payment of the account, negotiations, although casual, were in progress between the appellees for the acquirement by B. F. Gray and J. A. Gray of an interest in the Seminole furniture store and that J. Max Gray had told appellant's president that his father and brother were interested in it. A. B. Hunsley, president of appellant, testified that he was under the impression they had acquired such an interest and were partners of J. Max Gray. But whether they were partners in the business or not, their letter of May 6, 1940, to appellant was explicit and positive to the effect that they were willing to guarantee the account and would appreciate appellant's releasing Jobe and Earnest. Appellant complied with this request and indicated to Jobe and Earnest that its reason for doing so was that the account had been assumed by the Seminole Furniture Company, instead of basing its action upon the letter of guaranty it had received from the Dumas supply company. We think this is accounted for by the fact that there had been some negotiations and talk concerning the formation of the partnership, and appellant's president testified he believed it had been consummated. He further testified that he released Jobe and Earnest from the account solely because of the written guaranty that was made to appellant by B. F. Gray and J. A. Gray, and the fact that he did so very shortly after receiving the letter of guaranty is consistent with his testimony. The mere fact that Hunsley was laboring under the erroneous impression that B. F. Gray and J. A. Gray were partners in the Seminole business would not affect the legal consequences of the absolute guaranty. He acted upon the guaranty, and a mere misunderstanding on his part as to the capacity in which appellees executed it could not have any bearing upon appellees' obligation under it.

While the court was warranted in disregarding the finding of the jury concerning the partnership, because there was no evidence to support it, he was not warranted in disregarding the guaranty and rendering judgment in favor of the appellees, B. F. Gray and J. A. Gray. Their guaranty was binding upon them under the circumstances shown by the testimony and, in our opinion, the court should have rendered judgment thereon in favor of the appellant. The judgment of the court below will therefore be reversed and judgment will here be rendered in favor of appellant against all of the appellees for the sum of $680.12, the amount found by the court below to be the balance due on the account sued upon, together with all costs accrued here and in the court below.