PER CURIAM.
The trial judge entered the following order of dismissal which is here appealed:
“The plaintiff sued the defendant in an action at law. His complaint alleges that the parties entered into a partnership agreement, which was attached to and made a part of the complaint. It sought to recover $5,000.00 evidenced by the defendant’s promissory note dated March 9, 1960 and payable to the plaintiff on December 1, 1960. The partnership agreement provided among other things:
‘“Paragraph 11(C) (1) Should the failure or refusal to continue with the partnership be expressed within two years of the date of this agreement, then, in that event, such notes representing Bass’s purchase of interest in the partnership shall become null and void and be forthwith cancelled.’
“The defendant, by way of counterclaim, points out that under the quoted provision of the partnership article, the notes became null and void within two years from their date. There is no controverting this proposition.
“Accordingly, the judgment of the Court is for the Defendant and the complaint is dismissed.”
Appellant’s basic contention is that the provision in the contract rendering the notes void if the defendant withdraws from the partnership within two years could not be effective because the note sued upon had already become due at the time the defendant elected to withdraw. It appears, however, that the note sued upon was not enforceable against the appellee at the time he elected to terminate the partnership. Therefore, pursuant to the terms of the agreement the notes became null and void. The court is not at liberty to rewrite the contract of the parties. Where they have in clear language contracted for a certain obligation (or lack thereof) based upon stated eventualities, the parties are entitled to have their contract enforced as written in the absence of matters affecting public policy. Bryant v. Food Machinery and Chemical Corporation Niagra Chemical Division, Fla.App.1961, 130 So.2d 132.
Appellant’s reliance upon Stamps v. Platt, 218 S.W. 47 (Tex.Ct.Civ.App.1920) is not warranted by the holding in that case. There the court held that a note maturing on a date certain became due thereon even though there was a provision that • the promisor might avoid liability by the occurrence of a certain event, where that event had not occurred. The opinion states that the note was not ambiguous and could not be varied by parol evidence. Here the note was void by agreement as of the happening of an event which did happen. Since we are concerned only with the maker’s liability to the payee, there is no reason the agreement should not be given effect.
Affirmed.