163 So.2d 303 (1964)
ZERO FOOD STORAGE, INC., a Florida corporation, Appellant,
v.
Laurence UDELL, Appellee.
No. 63-670.
District Court of Appeal of Florida. Third District.
April 21, 1964.
Rehearing Denied May 14, 1964.
Pallot, Marks, Lundeen, Poppell & Horwich, Miami, for appellant.
L.J. Cushman, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
BARKDULL, Chief Judge.
The appellant, plaintiff in the trial court, appeals from a final order of dismissal of an amended count of a complaint wherein it sought to collect upon an agreement of guaranty against the appellee, Laurence Udell. We affirm the action of the trial judge.
In 1956, the appellant and Georgia Broilers of Florida, Inc., entered into a five-year lease for a term from August 1, 1956 through July 31, 1961, which lease contained, in part, the following provisions relative to an additional term thereof:
"35. Provided the Lessee shall not be in default, the Lessee shall have and is hereby given the option to extend this lease for a period of five (5) years from August 1, 1961, upon the following terms and conditions:
"(a) The extended lease, if option is exercised, shall contain no further option of extension.
"(b) The option of extension herein granted to the Lessee shall be considered as automatically exercised by the Lessee, unless the Lessee shall give written notice at least six (6) months prior to August 1, 1961, of its intention not to extend the original term.
* * * * * *
"(e) The Security for the extended terms shall be the sum of EIGHT *304 THOUSAND EIGHT HUNDRED ($8,800.00) DOLLARS, and same shall be returned in instalments of TWO THOUSAND TWO HUNDRED ($2,200.00) DOLLARS each on the 10th day of each month beginning the 10th day of April, 1966 and continuing on the 10th day of each and every month until the security of EIGHT THOUSAND EIGHT HUNDRED ($8,800.00) DOLLARS shall have been returned to the Lessee. Such security of EIGHT THOUSAND EIGHT HUNDRED ($8,800.00) DOLLARS shall be for the extended term and shall be deposited by the Lessee with the Lessor on or before the 1st day of August, 1961.
"(f) Except as hereinabove provided, the terms and conditions of the extended term shall be the same as the terms and conditions of the original term."
* * * * * *
Thereafter, in order to secure a release of an $8,800.00 security deposit [which the lessee had posted pursuant to the terms of the lease], the appellant and the appellee entered into the guaranty agreement involved herein, which provided for the return of said $8,800.00 security deposit to the lessee in exchange for the individual guaranty of Udell. The agreement of guaranty contained the following pertinent provisions:
* * * * * *
"WHEREAS, ZERO FOOD STORAGE, INC., a Florida corporation, has heretofore executed a lease to GEORGIA BROILERS OF FLORIDA, INC., a Florida corporation, * * * covering the period from August 1, 1956 to and including July 31, 1961; and
* * * * * *
"1. LAURENCE UDELL hereby guarantees his full, prompt and faithful payment, performance and compliance by GEORGIA BROILERS OF FLORIDA, INC., a Florida corporation, its successors and assigns of all of the terms and conditions of the above described Lease."
* * * * * *
It is the position of the appellant that this was a continuing guaranty and, because the lease had been renewed for an additional term of five years by the lessee, that it was an automatic renewal of the guaranty. It is the contention of the appellee that without specific words importing that it was to be a continuing guaranty, said guaranty was limited to the term originally described in the guaranty, to wit: the period which expired on July 31, 1961. The agreement of guaranty failing to include words[1] which would have indicated that it was to be of a continuing nature for application to an additional term, we hold that it was a guaranty good only for the original term.
It appears that there is a split of authority as to whether or not a guaranty not identified as a continuing one will carry over to an extended or renewal term, when the option is exercised by the action or inaction on the part of the lessee without the participation or consent of the guarantor. See: 43 A.L.R. 1205. However, it appears that the better reasoning is contained in those authorities which hold that a guaranty of the performance of a written lease for a specific term does not continue into a successive term [entered into pursuant to an option in a lease], without the express terms to show that the lease guaranty was *305 of a continuing nature. See: Brewer v. Thorp, 35 Ala. 9; Fasnacht v. Winkelman, 21 La. Ann. 727; Kanouse v. Wise, 76 N.J.L. 423, 69 A. 1017; Gadsden v. Quackenbush, 9 Rich.Law, (S.C.) 222.
Therefore, for the reasons stated, the actions of the trial judge, in dismissing the amended count of the complaint against Udell, be and the same are hereby affirmed.
Affirmed.
NOTES
[1] In this connection, see the following authorities relative to interpretation of contracts: Medard v. Paulson; Fla. 1948, 37 So.2d 902; Sapienza v. Bass, Fla. App. 1962, 144 So.2d 520; Curtiss-Wright Corporation v. Exhaust Parts, Inc., Fla. App. 1962, 144 So.2d 822.