415 So.2d 35 (1982)
Courtenay P. O'CONNELL and Joan H. O'Connell, Husband and Wife, Appellants,
v.
Terry DOCKENDORFF and Gladys Dockendorff, Husband and Wife, and Earl E. Morris and Rose Morris, Husband and Wife, Appellees.
No. 81-1836.
District Court of Appeal of Florida, Second District.
April 23, 1982.
Rehearing Denied June 14, 1982.
Donald Wm. Giffin, St. Petersburg, for appellants.
John P. Linney of Linney & Linney, St. Petersburg, for appellees.
BOARDMAN, Judge.
Plaintiffs Courtenay P. and Joan H. O'Connell appeal a final judgment dismissing *36 their complaint for foreclosure on certain real property against defendants/appellees Terry and Gladys Dockendorff and Earl E. and Rose Morris. We reverse.
Appellants filed a complaint for mortgage foreclosure against appellees. Ultimately, after a bench trial, the trial court entered final judgment finding that the clause in the mortgage upon which appellants relied was an unenforceable due-on-sale clause and dismissing the complaint with prejudice. This appeal followed timely.
Appellants sold a parcel of real property to the Dockendorffs on July 13, 1979, and took back a purchase money mortgage which contained a clause providing:
The Mortgagees hereby agree that the Mortgagors may assign this Purchase Money Mortgage, but the rate of interest, at the time of assignment, shall be adjusted upward to correspond with the prevailing interest rate of banks, savings and loan associations, and other mortgage lenders in the community. The Mortgagors, by executing this agreement, hereby agree to the terms and conditions of this paragraph.
The Dockendorffs conveyed the real property to the Morrises on October 24, 1980, taking a second mortgage.
The interest rate on appellants' mortgage note was not raised to the prevailing interest rate. Appellants made a demand for an increase in the interest rate, but appellees refused to comply.
The clause in question is not a due-on-sale clause. In First Federal Savings & Loan Association v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980), this court stated:
We have noted divergent lines of cases throughout the United States dealing with the issue of due-on-sale clause enforcement. The common thread running through the various theoretical approaches is that such clauses are considered restraints on the alienation of real property and are enforceable as reasonable restraints only if their enforcement is not inequitable and unjust under the circumstances. In other words, if the lender can demonstrate that his legitimate interests are threatened and the foreclosure is equitable under the circumstances, then the court may enforce the acceleration of the debt and subsequent foreclosure. The divergence in theories is predicated, at least in part, on what legitimate interests will suffice to justify an automatic enforcement of the acceleration clause.
One line of cases specifically holds that there is no inequity in conditioning the lender's consent to transfer on the transferee's agreeing to pay an increased interest rate. This is considered a legitimate interest of the lender and in line with prudent business practices.
... .
... [T]he sole purpose set out by First Federal deals with the protection of its security. There is no mention anywhere in the mortgage instrument that rising interest rates will subvert the stated intent and serve to justify First Federal's attempt to gain a commercial advantage.
385 So.2d at 158-159. (Footnote omitted.)
We held that the due-on-sale clause in Lockwood would not allow an acceleration of a mortgage note and the foreclosure of the mortgage. The clause now before this court, however, unlike the clause in Lockwood, simply raises the interest rate should the mortgagor assign his rights and benefits under the mortgage to a subsequent purchaser.
The state of Arizona seems to follow the reasoning of the Florida courts regarding acceleration of mortgage notes and foreclosure of mortgages. Lane v. Bisceglia, 15 Ariz. App. 269, 488 P.2d 474 (1971), states that the Arizona courts have not allowed an acceleration of the mortgage note where the mortgagee has only reserved to itself the power to approve or disapprove the transferee, the situation in Lockwood. However, the Lane case indicates that if the mortgagee has retained the power to increase the interest rate, then he may accelerate the balance of the mortgage note should the original mortgagor transfer the real property to another without an increase *37 in the interest rate. The situation here is precisely that described in Lane.
Sui juris parties may establish the terms of an agreement without subsequent alteration by the courts. Century Federal Savings & Loan Association v. Madorsky, 353 So.2d 868 (Fla. 1st DCA), cert. denied, 359 So.2d 1217 (Fla. 1978); Sapienza v. Bass, 144 So.2d 520 (Fla. 3d DCA 1962). The clause in question was bargained for and is so unambiguous as not to be misunderstood by the Dockendorffs. Since the parties clearly expressed an intention that the interest rate would be increased at the time of an assignment or assumption of the mortgage, appellants should be allowed the benefit of their bargain.
Accordingly, the final judgment dismissing appellants' complaint is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
SCHEB, C.J., and SCHOONOVER, J., concur.