## CIRCUIT COURT OF LOUDOUN COUNTY

Town Center Associates

v.

Chengtu Restaurant, Inc., et al.

November 19, 1993

Case No. (Law) 13722

BY JUDGE THOMAS D. HORNE

In this case, Plaintiff landlord seeks damages for a breach of a lease. Landlord contends that it is entitled to recover not only from the tenant but from the individuals executing the lease as "Guarantors."

On November 15, 1973, Town Center Associates entered into a lease with Ronald C. and Hsiao Fen Roy by which Town Center let to the Roys certain property for use as a restaurant. This lease was for a ten-year term commencing April 1, 1974. On February 3, 1981, the Roys, trading as the Green Dragon Restaurant, assigned their remaining interest in the lease to Chengtu Restaurant, Inc. This assignment was executed by Chengtu, as well as certain individual guarantors. On April 5, 1984, Town Center and Chengtu Restaurant, Inc. (trading as Hunan Garden) entered into an Addendum to the lease of November 15, 1973, in which the parties amended the lease to provide for an additional five-year "option" period commencing April 1, 1984, and terminating March 31, 1989. During the "option" period, Chengtu was to continue to occupy the premises upon a stated consideration. In addition, Chengtu had the right to renew the lease for an additional five-year period provided the landlord was given notice of such intent to renew at least ninety days prior to the termination of the "first option period."

The Addendum was executed by the corporate defendant as tenant and by the remaining defendants as "guarantors, individually and personally."

By letter dated December 20, 1988, Victor Hwang, on behalf of Chengtu, notified the landlord of its intent to renew for an additional

five-year term commencing on April 1, 1989. In 1992, Chengtu defaulted on the lease.

The "guarantors" of the Addendum to the original lease contend that their liability does not extend to the renewal period of the lease commencing April 1, 1989. In support of their assertion, they contend that as gratuitous sureties to the rental agreement, absent express language in the Addendum, they cannot be held liable for rent due during the renewal period. They point to the application of the rule of *strictissimi juris* to a surety's liability. See, e.g., *Southwood Builders, Inc. v. Peerless Insurance*, 235 Va. 164, 168 (1988). However, while the liability of a surety may not be extended by implication, so too may it not be restricted. *American Surety Co. v. Quincey*, 125 Va. 1, 11 (1919).

In the instant case, the guarantee of the instant sureties is unrestricted and unlimited as to the terms of performance under the lease. This not only includes actions of the principal under the original term but also those during the period of extension. As the Supreme Court has observed:

> a guaranty, unlimited in time, but given in circumstances evidencing the guarantor's intent to cover a series of transactions, will be construed as a continuing one. *Pascoe Steel v. Shannon*, 224 Va. 530, 534 (1982).

The instant guarantee may be distinguished from that relied upon by the defendants in *Zero Food Storage v. Udell*, 163 So. 2d 303 (1964), 70 A.L.R.3d 557. In *Udell*, the guarantee specifically referred only to the original terms of the lease. The guarantee of the defendants belies no such limitation. The evidence introduced at the hearing does not change the result.

Accordingly, the Court finds that the liability of the defendants, Shui-Ho Hsu, Yeh-Oah Hsu, Sehng-Hsuing Tung, Lih-Ju Tung, Chung C. Chen, Suzi Chen, Ming-Hui Chao, and Chao-Yueh Chao under the guarantee contained in the Addendum to the lease extends to the option term from April 1, 1989, through May 1, 1994.